## STATE v. JAMES P. SULLIVAN.

### January Term, 1896.

*Assault with intent to commit rape. Indictment when prosecutrix is under fourteen. Evidence.*

1.  The indictment alleged that the respondent assaulted a female child under fourteen years of age with intent to carnally know her against her will. The proof was that he made the assault with intent to carnally know her with her consent. *Held*, that a conviction under V. S., s. 4908, which provides for the punishment of one over sixteen years of age who carnally knows a female under fourteen years of age, with or without her consent, should stand.

2.  In an indictment upon the statute it is not necessary to allege the age of the respondent. If he is under sixteen years of age that is matter of defense.

3.  The appearance of the respondent himself before the jury might be weighed as evidence upon his age.

4.  *Held*, that the evidence tended to show an assault with intent to commit rape, and not a mere solicitation.

Indictment for an assault with intent to commit rape. Plea, not guilty. Trial by jury at the September term, 1895, Munson, J., presiding. Verdict, guilty.

The person upon whom the assault was alleged to have been made was a girl nine years of age named Bessie Pomeroy. The respondent was engaged upon the day of the assault in driving a delivery wagon for the Cash Store in St. Albans. The evidence of the state tended to show that the respondent asked Bessie and several other girls to ride with him upon the delivery wagon, that after a time

they came back to the Cash Store and stopped there; that respondent asked them if they wanted to go into the cellar; that they all refused except Bessie, whom he led down; that they were gone about fifteen minutes; that when Bessie came back she looked pale, went directly home, running a portion of the way, and at once made complaint to her mother.

Upon the trial Bessie testified that when they got into the cellar the respondent put his hand upon her private parts and asked her to have connection with him, and that when she refused he proposed to her to meet him that night or the next morning at Mr. Northrop's barn.

The respondent moved in arrest of judgment and for a new trial for that the verdict was against the law and evidence, and for that the evidence did not tend to show that the respondent made the assault with intent to commit a rape.

*H. M. Mott* for the respondent.

The indictment alleges that the attempt was against the will of the one assaulted. This should have been proved. Also that the respondent was more than sixteen years of age. *Rex* v. *Lloyd*, 7 C. & P. 318; *Reg* v. *Cockburn*, 3 Cox. C. C. 543; *Smith* v. *State*, 12 Ohio 466; *Bowles* v. *State*, 7 Ohio 243; *State* v. *Picket*, 11 Nev. 255.

It was not enough to show that the respondent solicited the person assaulted to have connection with him. Something must be shown which evidences an intention to have such connection then and there. *State* v. *McDonnell*, 32 Vt. 538; *Taylor* v. *State*, 111 Ind. 279; *Cato* v. *State*, 9 Fla. 163; *Charles* v. *State*, 6 Engl. Ark. Rep. 389; *Commonwealth* v. *Merrill*, 14 Gray 415.

*I. N. Chase*, state's attorney, for the state.

To support a motion in arrest the defect must appear from

the record. *State* v. *Morey*, 2 Wis. 494 ; *State* v. *Halder*, 2 McCord, 377 ; *U. S.* v. *Chase*, 27 Fed. Rep. 807, *People* v. *Kelley*, 94 N. Y. 526 ; *People* v. *Buddenseick*, 103 N. Y. 487 ; *People* v. *Johnson*, 71 Cal. 384 ; *U. S.* v. *Paterson*, 6 McLean 1166.

The evidence tended to support the verdict, and that is all that the supreme court will consider. 3 Rice, Crim Ev. 238, s. 176 ; *People* v. *Connor*, 126 N. Y. 278 ; *People* v. *Estrada*, 53 Cal. 601 ; *Frye* v. *Com.*, 82 Va. 334 ; *Bailey* v. *Com.*, 82 Va. 107 ; *Grover* v. *Com.*, 86 Va. 382 ; *People* v. *Lennon*, 79 Cal. 626 ; *State* v. *Carr*, 13 Vt. 571.

THOMPSON, J. The respondent was convicted of an assault with intent unlawfully and feloniously, carnally to know and ravish a female child under the age of fourteen years. The information is in the usual form for an assault to commit rape, with the exception that it alleges that the person assaulted is a female child under the age of fourteen years. At the time of the assault she was nine years old. The evidence tended to show that the respondent assaulted her with intent to carnally know her with her consent. He now contends that the conviction cannot stand because the information alleges that he committed the crime charged by force and against her will. He further contends, that the effect of V. S., s. 4917, which declares the punishment for an assault with intent to commit rape, precludes a conviction for an assault upon a female under fourteen years of age with intent to have carnal knowledge of her with her consent, because the essence of the crime of rape is that it is committed by force, and against the will, or without the consent of the woman.

V. S., s. 4908, makes it an offence, punishable the same as rape, for a person over the age of sixteen years, to unlawfully and carnally know a female person under the age of fourteen years, with or without her consent. Discussing

statutes like this, it is said in Bish. Stat. Cr. (2d ed.) s. 486:

"One cannot be convicted of this offence on an indictment in the ordinary form for a rape on an adult. There must be the allegation of the age; which means the age at the time of the commission of the offence, not the time of finding the indictment. Such averments as 'with force,' 'against her will,' and 'ravish,' are unnecessary; though if inserted, they may be treated as surplusage. In other respects, the statutory words should be pursued according to the rule governing other indictments on statutes, and no more will be required." *State* v. *Wheat*, 63 Vt. 675.

If the female is under the age of fourteen years, the element of consent is eliminated. If the words, "with force," "against her will," and "ravish," do not vitiate an indictment for the offence itself, it must follow that they do not render an information bad, which charges an attempt to commit it.

The offence charged is indictable at common law. Bish. St. Cr. (2d ed.) s. 499. It is also indictable under V. S., s. 5163.

It is said that the information is bad, because it does not allege the age of the respondent; and that there was no evidence tending to prove him to be over sixteen years old, and that consequently the conviction cannot be sustained. It was not necessary to allege his age. If he was under sixteen, it was a matter of defence. Bish. St. Cr. (2d ed,), s. 482; *Com.* v. *Scannel*, 11 Cush. 547. Not being necessary to allege it, it was not necessary to prove it. However, there was evidence before the jury tending to prove his age, in the respondent himself, a grayheaded old man.

It is strenuously urged that the evidence did not tend to show a purpose to have carnal knowledge of the child at the time of the assault, but that its tendency was to show an intent to have it at some future time. But it cannot be said as a matter of law, that the evidence did not tend to show that the respondent would not then and there have consummated

his purpose by having carnal knowledge of her then and there, if she had not refused and repulsed his solicitations.

The only questions before this court are those presented by the exceptions to the denial of the respondent's motions in arrest of judgment and to set aside the verdict.

*Judgment that there is no error in the proceedings, and that the respondent take nothing by his exceptions. Let sentence be pronounced and mittimus issue.*