STATE v. TURNER SMITH.

(Filed 9 November, 1911.)

1. Rape—Assault with Intent—Assault on Woman—Interpretation of Statutes—Proviso—Age—Indictment—Allegations—Defense.

By statute, Revisal, 3620, as amended by the Laws of 1911, ch. 193, the punishment for "assaults, assaults and batteries, etc.," is limited to a fine not exceeding $50 or imprisonment of thirty days in certain instances: *Provided*, among other things, that it shall not apply to an assault by a man, or by a boy over eighteen years of age, upon a woman: *Held*, it is for the defendant, charged with an assault upon a woman, to show that he was under the age specified in order to except his case from the proviso, and it is not necessary to the validity of the bill that it state that he was over that age, as an assault upon a woman is a crime without regard to the age of the person who commits it, and the age merely relates to the degree of punishment and is not an element or ingredient of the offense charged.

2. Same—Habeas Corpus.

The prisoner was convicted and sentenced to the county jail for a term of two years and assigned to work on the public roads under the provisions of Revisal, sec. 3620, for assaulting a woman. After submitting to his sentence and serving thirty days of it, he sued out a writ of *habeas corpus*, claiming that the sentence was excessive, on the ground that the bill of indictment had not alleged that he was more than eighteen years of age at the time of the commission of the offense, and therefore, having worked out his lawful sentence, he should be discharged. The court construes together Revisal, sec. 1427, relating to the jurisdiction of courts of justices of the peace in their counties, when no deadly weapon is used; section 3268, providing that "on a trial of any person for rape, when the crime charged shall include an assault upon the person," and there is a conviction of the less offense, "the court shall have power to imprison the defendant, if found guilty of an assault, for any term now allowed in cases of conviction when the indictment was originally for an assault of like character," and said section 3620, and holds that, upon conviction of a simple assault and battery upon a woman, without alleging an intent to commit rape, the prisoner, over the age of eighteen years, can be punished at the discretion of the court, without any allegation in the bill as to his age, it being a matter for him to show, if the fact existed, that he was not over the age specified, which, if proven, would except him from the general provisions of section 3620.

3. **Rape, Assault on Woman—Intent—Allegations—Age—Indictment —Defense—Interpretation of Statutes.**

When an indictment charges an assault with the intent to commit rape, the prisoner may be convicted of an assault upon a woman (Revisal, sec. 3268) ; and if it is found that he was over eighteen years of age at the time the offense was committed, he may be punished as for an aggravated assault, whether his age is stated in the indictment or not. Revisal, secs. 3268, 3620.

4. **Assault—Indictment—Conviction of Less Offense—Issues—Punishment.**

Under a bill of indictment charging an assault with an intent to commit rape, the lesser offense of assault and battery may be found to have been committed, and in such instance a special issue may be submitted to the jury, if necessary, so that, in accordance with the jury's finding, the court may determine the grade of the punishment.

5. **Indictment—Assault — Rape — Jurisdiction   Concurrent — Magistrate's Cognizance—Burden of Proof.**

It is not necessary for a bill of indictment charging assault with a deadly weapon, or with intent to commit rape, to show affirmatively the jurisdiction of the Superior Court, when that court and a justice's court have concurrent jurisdiction, if the latter court had not "proceeded to take cognizance of the crime within twelve months after its commission" ; for it is for the defendant to show, as matter of defense, the fact that jurisdiction had been thus taken. Revisal, sec. 1427.

APPEAL in *habeas corpus* proceedings from *Mr. Justice Allen,* from WAKE, 1911.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Attorney-General Bickett and Assistant Attorney-General G. L. Jones for the State.*

*J. C. L. Harris, Chas. U. Harris, and Aycock & Winston for defendant.*

WALKER, J. The defendant was indicted in the Superior Court for an assault with intent to commit rape, and was convicted by the jury, not of the felony charged in the indictment, but of an assault and battery upon a woman, he being, at the time of the assault, over the age of eighteen years. The indictment alleged that "the defendant, with force and arms, at and

in the county aforesaid, in and upon one Lillian Whitson, then and there being, did make an assault, and her, the said Lillian Whitson, then and there, did beat, wound, and ill-treat, with intent her, the said Lillian Whitson, violently and against her will then and there, feloniously to ravish and carnally know, and other wrongs to the said Lillian Whitson then and there did, against the form of the statutes in such case made and provided, and against the peace and dignity of the State." Upon the verdict, the court below rendered judgment that the defendant be imprisoned in the common jail of Wake County for the term of two years, and assigned to work on the public roads of said county, his earnings during said term, as allowed by the commissioners of the county, to be applied to the payment of the costs. The defendant did not appeal from that judgment, but submitted thereto, and having served for thirty days on the roads and performed the judgment to that extent, he applied by petition for the writ of *habeas corpus* to *Hon. W. R. Allen,* one of the justices of this Court, and alleged that the sentence of the court was excessive, upon the ground that the indictment failed to allege that, at the time of the assault, he was more than eighteen years old, and that, therefore, the Laws of 1911, ch. 193, do not apply, as that was an essential averment to be made in order to warrant the punishment inflicted, the finding of the jury as to his age not being allowed by law to aid the indictment in that respect.

*Judge Allen,* at the hearing of the petition, dismissed the proceeding and remanded the defendant, holding that it was not necessary for the indictment to allege that the defendant, at the time he committed the assault, was over the age of eighteen years, and in this conclusion we unhesitatingly concur, although it may require a very careful and minute examination of our statutes, and the authorities bearing upon the subject, in order to clearly demonstrate the fallacy of the defendant's position.

The defendant was indicted, as we have seen, for an assault with intent to commit rape, and by the verdict was convicted of an assault upon a woman, he being then over the age of eighteen years. The allegations of the bill gave the court jurisdiction to try the case and to pronounce such a judgment as was

authorized by law. As *Judge Ashe* observed, and subsequently
repeated in *S. v. Moore,* 82 N. C., 660: "This kind of litiga-
tion would not recur if the Legislature would take the subject in
hand and free it of its many complexities and ambiguities. A
statute or statutes intended to prevent or to cheapen litigation,
or to speed the trial of cases, or to more adequately prevent
crimes, should not defeat the purpose of the enactment by vague
and ambiguous terms. There have been many cases brought to
this Court to ascertain what the Legislature meant, in its
attempt to carry out the following constitutional provision:
'The several justices of the peace shall have jurisdiction, under
such regulations as the General Assembly shall prescribe, of all
criminal matters arising within their counties where the punish-
ment cannot exceed a fine of $50 or imprisonment for thirty
days.' " The statutes relating to this subject have not been so
codified in the Revisal as to remove the doubts and uncertainties
suggested by this Court in its former decisions, although it has
been said that certain statutes which were *in pari maturi* should
be construed together so as to ascertain the true legislative
intention. But let us look at the statutes pertinent to this ques-
tion: Revisal, sec. 1427, provides that justices of the peace
shall have exclusive jurisdiction of all assaults, batteries,
affrays, when no deadly weapon is used and no serious damage
is done, and of all criminal matters arising in their counties,
where the punishment, prescribed by law, shall not exceed a fine
of $50 or thirty days imprisonment, with a proviso preserving
the jurisdiction of the Superior Courts when the offense is com-
mitted within a mile of the place where the court is held and
during its session. It further provides that the section shall
not be construed to prevent Superior Courts from assuming
jurisdiction of offenses whereof original jurisdiction is given
to justices of the peace, if some justice of the peace, within
twelve months after the commission of the offense, shall not
have taken official cognizance of the same.

Revisal, sec. 3620, as amended by Laws of 1911, ch. 193,
provides as follows: "In all cases of an assault, with or with-
out intent to kill or injure, the person convicted shall be pun-
ished by fine or imprisonment, or both, at the discretion of the

court: *Provided,* that where no deadly weapon has been used and no serious damage done, the punishment in assaults, assaults and batteries, and affrays shall not exceed a fine of $50 or imprisonment for thirty days; but this proviso shall not apply to cases of assault with intent to kill, or with intent to commit rape, or to cases of assault or assault and battery by any man or boy over eighteen years of age on any female person."

It was argued by the learned counsel of defendant that it is necessary to consider the statutes above mentioned and as explained by Revisal, sec. 3268, which is as follows: "On the trial of any person for rape, or any felony whatsoever, when the crime charged shall include an assault against the person, it shall be lawful for the jury to acquit of the felony and to find a verdict of guilty of assault against the person indicted, if the evidence shall warrant such finding; and when such verdict shall be found the court shall have power to imprison the person so found guilty of an assault, for any term now allowed by law in cases of conviction when (if) the indictment was (had been) originally for an assault of a like character."

Discarding all superfluities and rejecting nice distinctions and subtle refinements, and stripping these statutes to the bone, even to the marrow, the real intention of the Legislature is laid perfectly bare and its meaning becomes apparent. It all, therefore, results in this, that a man who is indicted for an assault with intent to ravish, and is convicted of a simple assault and battery upon a woman, without the alleged intent, he being over the age of eighteen years, can be punished at the discretion of the court, without any allegation in the bill as to his age, and cannot shield himself behind the statute conferring jurisdiction on a magistrate of simple assaults, nor limit the punishment, under the first proviso of Revisal, sec. 3620, to a fine of $50 or imprisonment for thirty days, upon conviction in the Superior Court, where, by the statute, it has acquired jurisdiction. It has been held uniformly that, where an exception or even a proviso to the enacting clause of a statute creating an offense is descriptive thereof, it is necessary to negative, in an indictment thereunder, the existence of the facts contained in the

exception or proviso, though the burden of proof to establish them may rest upon the defendant. *S. v. Blackley,* 138 N. C., 620. "Where the words contained in a proviso or exception are descriptive of the offense and a part of its definition, it is necessary, in stating the crime charged, that they should be negatived in the indictment, and where the statute does not otherwise provide, and the qualifying facts do not relate to the defendant personally, and are not peculiarly within his knowledge, the allegation, being a part of the crime, must be proved by the State beyond a reasonable doubt." *S. v. Connor,* 142 N. C., 700. Joyce on Indictments, sec. 279, where the law is thus stated: "The general rule as to exceptions, provisos, and the like, is that where the exception or proviso forms a portion of the description of the offense, so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted, then it is necessary to negative the exception or proviso. But where the exception is separable from the description and is not an ingredient thereof, it need not be noticed in the accusation; for it is a matter of defense. But where there is an exception so incorporated with the enacting clause that the one cannot be read without the other, then it is held that the exception must be negatived." But this case does not fall within that principle. The third proviso was not intended to create a separate and distinct offense in law, to be known as an assault and battery by a man, or a boy over eighteen years old, upon a woman, but it merely excepted that case from the operation of the first proviso, by which the punishment for a simple assault was limited to a fine of $50 or imprisonment for thirty days. It related solely to the degree of punishment for an assault committed upon a woman by a man, or by a boy over eighteen years of age. It was always a crime for a man, or a boy over eighteen years of age, to assault a woman, and the object of section 3620 was to provide that such an offense should be subject to the same punishment, at the discretion of the court, as any other assault, with or without intent to kill or injure or to commit a rape, and not to deprive the court of the discretion given by the first clause, in those cases where the assault was committed with a deadly weapon or with intent to kill or to

commit a rape, or where it was upon a woman by a man, or a boy over eighteen years of age. This indictment for an assault with intent to commit rape includes, necessarily, an assault by a man upon a woman, without any regard to the age of the man, and it was not necessary to allege that the defendant was over the age of eighteen years.

It was for the purpose of providing for just such a case as this one that the Legislature passed the act of 1885, ch. 68, to the effect that on the trial of any person for rape, or any felony whatsoever, when the crime charged shall include an assault against the person, the jury may acquit of the felony and find a verdict for the assault against the person indicted, if the evidence warrants such finding; and the statute further provides that where the conviction is for the inferior offense, the court shall have the power to imprison the person, so found guilty of an assault, for any time now allowed by law, where in cases of conviction the like punishment might be imposed if the indictment had been originally for an assault of a like character. The Legislature did not mean to create separate and distinct criminal offenses, such as assault with a deadly weapon, assault with serious damage, assault upon a woman when the man is over eighteen years of age, or any other kind of assault which is aggravated in its circumstances or of serious and lasting damage in its consequences. There is but one offense, the crime of assault, and the varying degrees of aggravation were mentioned only for the purpose of graduating the punishment. To hold otherwise would defeat the manifest intention of the Legislature.

It must be observed that the language of the statute is that if the indictment is for rape, or any felony whatsoever, "and the crime charged shall include an assault against the person," the jury "may find a verdict against the defendant for assault." It does not describe the kind of assault, but refers to an assault generally and without regard to its degree of punishment under the law. If the assault is of that kind which, if committed with intent to ravish or to commit any other felony, would subject him to punishment for the offense so charged, if convicted of the same, then, subject to the rule already stated, he can be

punished at the discretion of the court, if convicted of the assault only. Can it be doubted that this assault is of that kind, unless it is held that a man, or boy over eighteen years old, cannot be convicted of an assault with intent to ravish or to commit any other felony? It is best, and certainly safe, that the court should require the jury, under a special issue submitted, to find the facts necessary to determine the grade of punishment, and we strongly commend this practice to the judges. There are one or more cases in which this same suggestion has been made.

The recent decisions in *S. v. Shuford,* 152 N. C., 809, and *Ex parte Holley,* 154 N. C., 163, illustrate the view we have taken. In the last cited case it was held, as it was in the *Shuford case,* that while the statute graded the punishment of larceny according to the value of the stolen goods, it did not create any new offense, and the value of the property taken was not an essential element of the crime, but the provision was inserted in the statute only for the purpose of ameliorating the punishment, if it is shown on the trial by the defendant, or if it otherwise appears, that the goods are of less value than $20. And so in this case, the age of the man is mentioned merely to aggravate the offense and to increase the maximum of punishment. A male infant, under the age of fourteen years is presumed, at common law, incapable to commit a rape; but a boy fourteen years old could, at common law, commit an unlawful assault upon a woman. If he is indicted for the crime, is it necessary to state his age? The courts of all jurisdictions have answered that question in the negative. The matter contained in the last proviso was not intended to be, and is not, descriptive of the offense, as in *S. v. Connor,* 142 N. C., 702; *S. v. Burton,* 138 N. C., 576, but it was intended to leave it to the judge, upon conviction of an assault, to say what the sentence shall be.

The authorities to the effect that it is not necessary to allege the age in the indictment, even where the age of capacity is raised by statute from fourteen years, the common-law limit, to sixteen years or more, are very numerous, the age being held to be a matter of defense. "The office of a proviso generally is, either to except something from the enacting clause, to qualify

or restrain its generality, or to exclude some possible ground of misinterpretation of it extending to cases not intended to be brought within its purview." Potter's Dwarris on Statutes, p. 118; *S. v. Goulden,* 134 N. C., 743; *Huddleston v. Francis,* 124 Ill., 195; and *Sutton v. People,* 145 Ill., 279, and authorities cited. In that case it is said: "At common law, a boy under fourteen years of age was conclusively presumed incapable of committing a rape, and that strictness is adhered to in some jurisdictions in this country; but it has never been held that, in charging the crime as defined at common law, it was necessary to aver that the accused was, at the time, of the age of fourteen years or upwards," citing 2 Wharton on Criminal Law, sec. 1453; *Commonwealth v. Scannel,* 11 Cush. (Mass.), 547; *People v. Ah Yek,* 29 Cal., 575; *Ward v. State,* 12 Tex. App., 174; *Cornelius v. State,* 13 *id.,* 349.

In *Rex v. Jarvis,* 1 East, 643, *Lord Mansfield* said: "It is a known distinction that what comes by way of proviso in a statute must be insisted on, by way of defense, by the party accused; but where exceptions are in the enacting part of the law, it must appear in the charge that the defendant does not fall within any of them."

It must be borne in mind that the proviso to Revisal, sec. 3620, inserted by Laws 1911, ch. 193, does not refer directly to the enacting clause of the statute, but to a former proviso in the section, which withdrew certain assaults, simple in their character, from the operation of the enacting clause, and the proviso of 1911 was merely passed to prevent assaults by a man, or a boy over eighteen years of age, upon a woman, from being included in the first proviso of the section. It was clearly the purpose of the Legislature to clarify the meaning of the section, and it was not intended to create or define any new offense, but the new clause related exclusively to the degree of punishment for such aggravated assault, it still being an assault as formerly, and by the terms of the last proviso it was placed in the same class with all other assaults, attended with circumstances enhancing defendant's guilt and calling for a greater penalty.

The case of *S. v. Knighten,* 39 Oregon, 63, is so much in point and bears such a close resemblance to the case at bar that we

are permitted to quote liberally from it: "The statute provides that, 'If any person over the age of sixteen years shall carnally know any female child under the age of sixteen years,' etc., he shall be deemed guilty of rape. It is argued that under this statute the age of the defendant is an essential ingredient of the crime, and must be averred in the indictment. But, as we understand the statute, its only effect is to raise the age of capacity of the male from fourteen, as it was at common law, to sixteen years. At common law, a boy under fourteen years of age was presumed to be physically incapable of committing the crime of rape, but (as we have seen) it was never held that it was necessary to allege the age of the defendant in an indictment for that crime. 16 Am. and Eng. Enc. Law (1 Ed.), 315; *Commonwealth v. Scannel,* 11 Cush., 547; *Sutton v. People,* 145 Ill., 279 (34 N. E., 420); *S. v. Ward,* 35 Minn., 182 (28 N. W., 192). Nor is it necessary under the statute. If the defendant was below the requisite age, it is a matter of defense. Mr. Bishop says the age of the defendant need not be set out, 'though the statutory words are "any person of the age of fourteen years and upwards, who shall have carnal knowledge." If he is below fourteen, it is simply matter for defense.' Bishop Stat. Crimes (2 Ed.), sec. 482. The statute of California provided that 'any person of the age of fourteen years and upward, who shall have carnal knowledge of any female child under the age of ten years, with or without her consent, shall be adjudged guilty of the crime of rape,' and in *People v. Ah Yek,* 29 Cal., 575, it was held that an indictment silent as to the age of the defendant was good. *Mr. Justice Sawyer,* speaking for the Court, said: 'It does not appear upon the face of the indictment that defendant was under fourteen years of age, and we see no better reason for averring that he is over fourteen than in any other criminal case for averring that the party charged is of such age as to render him capable in law of committing the crime. His capacity to commit the crime is as much an element in the crime in one case as in the other.' See, also, *People v. Wessel,* 98 Cal., 352 (33 Pac., 216). The statute of Vermont also made it an offense punishable the same as rape for a person over the age of sixteen years

to carnally know a female person under the age of fourteen years, with or without her consent; and in *S. v. Sullivan,* 68 Vt., 540 (35 Atl., 479), it was held that it was not necessary to allege in the indictment the age of the defendant, but that, if he was under sixteen years of age, it was a mere matter of defense. We are of the opinion, therefore, that the indictment is sufficient."

There are numerous authorities sustaining that view of the law, and several of them are reviewed in the case already cited. *S. v. McNair,* 93 N. C., 628, has some bearing upon the question, although not directly in point. It recognizes that the age of the defendant in such cases as this is a matter for proof by him, if not descriptive of the offense, as in *S. v. Connor, supra.*

But Revisal, sec. 3269, provides that "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein, or of a less degree of the same crime." This language is broad enough to cover the case. Under that section, when the charge is of an assault with intent to ravish, the prisoner may be convicted of an assault upon a woman, and if it is found that he was over eighteen years of age at the time the offense was committed, he may be punished as for an aggravated assault, under Revisal, secs. 3268, 3620, whether his age is stated in the indictment or not. *S. v. West,* 39 Minn., 321; *S. v. Baldridge,* 105 Mo., 319; *Bolling v. State,* 98 Ala., 80; *Stopps v. State,* 129 *ibid.,* 101. It has frequently been held by courts in States having statutes substantially like ours, that upon the indictment for an assault with intent to kill, or to commit rape, the defendant may be convicted of an aggravated assault, under a statute creating that as a distinct offense, although it is not by that name alleged in the indictment, it being considered within the description of the other crime which is properly averred. *Pittman v. State,* 25 Fla., 648; *S. v. Robinson,* 31 S. C., 453. But in the case of *S. v. Sullivan,* 68 Vt., 540, the Court held that it was unnecessary to allege the age of the defendant to be over sixteen years, as provided by the statute of that State, and that under an indictment, not alleging such age, for an assault with intent, forcibly and against her consent, to ravish a child less than fourteen years old, a conviction, upon evidence, for an

assault under the statute, which provides for the punishment of one over sixteen years of age who carnally knows a female under fourteen years of age, even with her consent, was proper. See, also, *Com. v. Scannel,* 11 Cush., 547; Bishop St. Cr. (2 Ed.), sec. 482; *Wilkinson v. Dutton,* 113 E. C. L. (3 Best and S.), 821.

Several of the States have passed statutes creating a separate and distinct offense by the name of "assault by an adult upon a female," and some of these courts have held that it is necessary, *for that reason,* that the fact of being an adult should be alleged in the indictment, it being a necessary ingredient of the offense. *Blackburn v. State,* 39 N. C., 153. But courts hold, in regard to facts similar to those in this case, and this seems to be the accepted doctrine, that there is a · presumption of capacity (*capax doli*) or that a defendant is an adult or of sufficient age to know right from wrong, and it is incumbent upon him to show the contrary, or, at least, that he is under that age, say between seven and fourteen years, when the burden may shift to the State to prove that he actually had the capacity to know the true quality and nature of his act, that is, whether it is forbidden by morality and law or not. This is not like the cases of *S. v. Lanier,* 88 N. C., 658, and *S. v. Wilson,* 101 N. C., 730, in which it was held that an indictment for embezzlement must negative the fact of defendant being an apprentice or under the age of sixteen years. Those exceptions are contained in the body of the enactment, and are descriptive of the offense.

Defendant's counsel argued that, under our numerous decisions, in regard to the jurisdiction of a justice of the peace in criminal matters, it was held to be necessary that the indictment should allege the facts and circumstances showing jurisdiction in the court, as that an assault was committed with a deadly weapon, or with intent to commit a rape, or more than twelve months before the finding of the bill, but that where there is a conviction of a simple assault, even under a bill alleging the use of a deadly weapon or that serious damage was done, the punishment is limited to $50 fine or thirty days imprisonment. The conviction in this case, though, was not for a simple assault, but for a very aggravated one. The defendant can gain nothing

STATE *v.* SMITH.

by this argument. If a simple assault was charged in the bill, the Superior Court had jurisdiction, for it may be that no "justice of the peace had proceeded to take official cognizance of the crime within twelve months after its commission," in which case the Superior Court could retain jurisdiction, as the burden is upon the defendant to show the fact that jurisdiction had been taken by a magistrate within said time, it being matter of defense. Pell's Revisal, sec. 1427 and cases in notes. So when the indictment charged an assault with a deadly weapon, describing the same, or with serious damage, with proper averments as to the extent of the damage, the Superior Court can punish, upon conviction of a simple assault, nothing more appearing; and it is only where there is a conviction of a simple assault, under an indictment which upon its face shows jurisdiction in the Superior Court, and the further allegation or finding that the twelve months since the commission of the offense had not elapsed, that the jurisdiction of the Superior Court is . ousted. Pell's Revisal, *supra.* But we do not understand how the decisions upon those questions can help the defendant, as upon a bill charging an offense clearly within the jurisdiction of the court, he has been convicted of an aggravated assault. We have not laid any stress upon the provision as to offenses committed within one mile of the place where the court is held and during its session, as it was not of sufficient consequence to require more than passing notice.

In no view of the case was there any error committed by *Associate Justice Allen,* when he refused to discharge the prisoner, but remanded him, as set forth in his order.

No error.