### STATE v. CHARLIE JONES.

(Filed 27 April, 1921.)

1. **Instructions—Courts—Expression of Opinion—Appeal and Error—Harmless Error—Statutes.**

    Remarks made in mere pleasantry by the trial judge in the presence of the jury, in relation to irrelevant testimony of a witness he had theretofore been patiently endeavoring to properly confine, will not be held for reversible error as an expression of his opinion forbidden by statute, when it could not reasonably have had any appreciable effect upon the jury, and could only have been regarded by them in the manner in which it was uttered. C. S., 564.

2. **Criminal Law—Assault on Female—Indictment—Age of Defendant—Statutes.**

    It is not necessary for the defendant's age to be stated in the bill of indictment to convict him for an assault on a female, etc., when the proof clearly showed that he was over eighteen at the time of the alleged assault, and on the trial no question was made as to that fact.

APPEAL by defendant from *Ray, J.,* at December Term, 1920, of GUILFORD.

Indictment for assault with intent to commit rape on one Lillian Marshall. The jury rendered a verdict of guilty of an assault on a female. Judgment on the verdict, and defendant excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*S. B. Adams, R. C. Strudwick for the defendant.*

HOKE, J. It is chiefly urged for error that while the defendant was on the stand as a witness in his own behalf the court, in endeavoring to bring the witness to testify on matters relevant to the issue, made comment, "Up to now the defendant's personal testimony was like a Georgia lake, a mile wide and an inch deep." This Court has always been very careful to enforce the provision of the statute which prohibits a judge from expression of opinion in the trial of causes before the jury, C. S., 564, extending the inhibition to such expression in the hearing of the jury at any time during the trial, and whether the objectionable comments may be towards the testimony offered, the witness testifying, or the litigant and the cause he is endeavoring to maintain. *S. v. Rogers,* 173 N. C., 755; *S. v. Harris,* 166 N. C., 243; *S. v. Cook,* 162 N. C., 586; *Park v. Exum,* 156 N. C., 228; *Withers v. Lane,* 144 N. C., 184; *S. v. Dick,* 60 N. C., 440.

In the present instance, however, while the comments objected to may have been ill-advised, we are of opinion that they should not be held for reversible error because, from the facts and attendant circumstances disclosed in the record, it appears that they were made and necessarily understood as a mere pleasantry, and could have reasonably had no appreciable effect on the result. The defendant, a witness in his own behalf, had been testifying for some little time and had said nothing material or relevant to the issue. The judge, with commendable patience had requested his counsel to direct the statements of the witness to the matters on issue; the judge himself had tried more than once, and in another effort in this direction made the remark objected to. It was not intended or understood as a comment adverse to the witness on his character or veracity or the weight of his evidence on any essential feature of the charge, but on the rambling and irrelevant nature of the witness' statements to that time. And herein the instant case differs from that of *S. v. Rogers,* to which we were cited on the argument. There a defendant, testifying in his own behalf, was told by the presiding judge "to answer the question more concisely and quit dodging," an adverse comment on the witness both as to his manner and the weight

of his statements, well calculated to prejudice defendant and his cause in the estimate of the jury.

Defendant excepted further and moved on arrest of judgment that there was no charge in the bill that defendant had made an assault on a female, he being at the time over eighteen. The proof clearly showed that the defendant was over eighteen at the time of the alleged assault, and on the trial no question was made as to that fact. On the form of the bill, the objection was expressly resolved against the defendant in *S. v. Smith,* 157 N. C., 578.

On the record, there has been no error shown that would justify the Court in disturbing the results of the trial, and the judgment of the court below is affirmed.

No error.