## STATE v. TOM LEFLER.

(Filed 11 May, 1932.)

**1. Assault B a—In prosecution for assault upon a female the indictment need not charge that defendant was over eighteen years of age.**

In a prosecution for an assault by a man or boy upon a female it is not necessary for the indictment to allege that the defendant was over eighteen years of age, the age of the defendant being a matter of defense, since the degrees of assault specified in the statute relate to the extent of the punishment and do not create separate offenses, and the age of the defendant is not an ingredient of the crime but an exception or proviso in regard to the degree of punishment.

**2. Assault B d—Jury must find that defendant was over eighteen in order for court to impose sentence for assault upon a female.**

Where a male defendant is charged with an assault upon a female there is a rebuttable presumption that the defendant is over eighteen years of age, which presumption, in the absence of evidence to the contrary, is evidence to be considered by the jury, but where the jury returns a verdict of simple assault without a finding that the defendant was over eighteen years of age the verdict is insufficient to support a sentence for an assault upon a female by a man or boy over eighteen years of age, and on appeal therefrom a new trial will be awarded.

APPEAL by defendant from *Clement, J.,* at August Term, 1931, of DAVIE.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*B. C. Brock for defendant.*

ADAMS, J. The defendant was indicted for an assault and battery upon Dora Shoe, "she being a female, by throwing her body upon the bank of South Yadkin River and thereby seriously and permanently injuring the said Dora Shoe." He was convicted of a simple assault and was sentenced to imprisonment for a term of twelve months. The indictment, it may be conceded, sufficiently charges that the defendant is a "man or boy" and that the prosecutrix is a "female person." It was not necessary to aver that the "man or boy" at the time of the assault was "over eighteen years old"; the age of the assailant is a matter of defense. *S. v. Smith,* 157 N. C., 578; *S. v. Jones,* 181 N. C., 546. This does not imply, however, that the jury is not required to determine the defendant's age.

On 8 March, 1911, the General Assembly ratified an act amending section 3620 of the Revisal by adding the following clause: "Or to cases

of assault or assault and battery by any man or boy over eighteen years of age on any female person." Following is the whole section: "In all cases of an assault, with or without intent to kill or injure, the person convicted shall be punished by fine or imprisonment, or both, at the discretion of the court: *Provided,* that where no deadly weapon has been used and no serious damage done, the punishment in assaults, assaults and batteries, and affrays shall not exceed a fine of fifty dollars or imprisonment for thirty days; but this proviso shall not apply to cases of assault with intent to kill or with intent to commit rape, or to cases of assault or assault and battery by any man or boy over eighteen years old on any female person."

In *S. v. Smith, supra,* it is said: "The third proviso (the amendment of 1911) was not intended to create a separate and distinct offense in law, to be known as an assault and battery by a man or boy over eighteen years old upon a woman, but it merely excepted that case from the operation of the first proviso, by which the punishment for a simple assault was limited to a fine of $50 or imprisonment for thirty days. It related solely to the degree of punishment for an assault committed upon a woman by a man or by a boy over eighteen years of age. It was always a crime for a man or a boy over eighteen years of age to assault a woman, and the object of section 3620 was to provide that such an offense should be subject to the same punishment, at the discretion of the court, as any other assault, with or without intent to kill or injure or to commit a rape, and not to deprive the court of the discretion given by the first clause, in those cases where the assault was committed with a deadly weapon or with intent to kill or to commit a rape, or where it was upon a woman by a man or a boy over eighteen years of age."   .   .   .   "The Legislature did not mean to create separate and distinct criminal offenses, such as assault with deadly weapon, assault with serious damage, assault upon a woman when the man is over eighteen years of age, or any other kind of assault which is aggravated in its circumstances or of serious and lasting damage in its consequences. There is but one offense, the crime of assault, and the varying degrees of aggravation were mentioned only for the purpose of graduating the punishment."

Where an exception or a proviso in a statute is separable from the description of the offense charged and is not an ingredient of the offense it need not be charged in the indictment, for it is a matter of defense. *S. v. Smith, supra,* 583. For this reason the age of the man or boy need not be averred. As pointed out in the same case there is a presumption of his capacity—a presumption that he is over the age of eighteen; and in the absence of evidence *contra* the jury would be justi-

fied in reaching this conclusion. But the presumption is only evidence and even if there is no testimony in rebuttal it remains evidence for the consideration of the jury. *White v. Hines,* 182 N. C., 275, 288. It was upon this theory that the Court remarked in *S. v. Smith, supra,* "It is best, and certainly safe, that the court should require the jury under a special issue submitted to find the facts necessary to determine the grade of the punishment; . . . and if it is found that he (the man or boy) was over eighteen years of age at the time the offense was committed, he may be punished as for an aggravated assault, whether his age is stated in the indictment or not." In *S. v. Smith, supra,* the defendant was convicted of an assault and battery upon a woman, he being at the time of the assault over the age of eighteen years; and in *S. v. Jones, supra,* the proof clearly showed the defendant's age and on the trial no question was raised as to that fact.

In the present case the verdict was, "Guilty of simple assault." This may have signified an assault without the use of a deadly weapon or without the infliction of serious injury. To justify the sentence imposed the defendant must have been over the age of eighteen years, and as to this there is no finding by the jury. If he was over eighteen years of age the punishment would not be restricted to a fine of fifty dollars or imprisonment not exceeding thirty days, although a deadly weapon was not used and serious injury was not inflicted.

In the absence of a finding as to the defendant's age, we must award a

New trial.