STATE v. MACK DONALD GRIMES.

(Filed 18 September, 1946.)

**1. Rape § 23: Assault § 15—**

An assault on a female where no deadly weapon is used and no serious damage is done is punishable by a fine of not more than fifty dollars or imprisonment not in excess of thirty days, unless the assault is committed by a man or boy over eighteen years of age, in which case the punishment is in the discretion of the court as for a general misdemeanor, G. S., 14-33, but in order to support the sentence as for a general misdemeanor it is required that the jury determine in its verdict specifically or by reference to the charge, that defendant is a male and was over eighteen years of age at the time of the assault.

**2. Same: Indictment and Warrant § 15—**

The trial court has the discretionary power to permit an amendment to a warrant charging assault on a female *simpliciter* so as to charge an assault on a female by a man or boy over eighteen years of age.

**3. Rape § 23: Criminal Law § 60—**

Defendant was convicted upon a warrant charging an assault upon a female, and no more. After verdict the court permitted an amendment to charge an assault upon a female by a man or boy over eighteen years of

age, and sentenced defendant to eighteen months on the roads. *Held:* There being no finding by the jury that defendant was a man or boy over eighteen years of age at the time of the assault, and the amendment after verdict being ineffectual to supply this deficiency, the judgment is not supported by the verdict, and a *venire de novo* must be ordered.

APPEAL by defendant from *Bone, J.,* at March Term, 1946, of NASH.

Criminal prosecution upon a warrant charging the defendant with "assault on Mrs. J. C. Perkins, a female," contrary to law.

The case was first tried in the Recorder's Court of Rocky Mount on 7 December, 1945, and resulted in conviction and sentence of 18 months on the roads. On appeal to the Superior Court of Nash County, the matter was heard *de novo* at the March Term, 1946.

It was in evidence that the defendant followed the prosecuting witness in the nighttime, beat her and caused her face to bleed.

Verdict: "Guilty of an assault on a female as charged in the warrant."

After verdict and before judgment, the solicitor moved to amend the warrant so as to charge an assault on a female by a man or boy over eighteen years of age. Objection by defendant; overruled; exception.

Judgment: 18 months on the roads.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*T. T. Thorne for defendant.*

STACY, C. J. The question for decision is whether the record supports the judgment.

The warrant, as originally drawn, charges an assault on a female, and no more. There is no allegation that a deadly weapon was used or that any serious damage was done. Nor was it alleged that the defendant is a "man or boy over eighteen years old." G. S., 14-33. It is this warrant to which the verdict speaks. The subsequent amendment relating to the age of the defendant was not before the jury, and the verdict is silent on the subject of the amendment. Just the reverse was true in *S. v. Lewis,* 224 N. C., 774, 32 S. E. (2d), 334.

It is the contention of the defendant that the punishment in such a case is restricted to a fine of not more than fifty dollars or imprisonment not in excess of thirty days. *S. v. Nash,* 109 N. C., 824, 13 S. E., 874.

Speaking to a similar situation in *S. v. Lefler,* 202 N. C., 700, 163 S. E., 873, *Adams, J.,* delivering the opinion of the Court, said: "To justify the sentence imposed (imprisonment for a term of twelve months) the defendant must have been over the age of eighteen years, and as to this there is no finding by the jury. If he was over eighteen years of age

the punishment would not be restricted to a fine of fifty dollars or imprisonment not exceeding thirty days, although a deadly weapon was not used and serious injury was not inflicted. In the absence of a finding as to the defendant's age, we must award a new trial."

It will be noted that in the *Lefler case, supra,* the indictment was for an assault on a female resulting in serious and permanent injury. Under such a bill and the record there presented, it was permissible to convict the defendant of "a less degree of the same crime charged," G. S., 15-170, which would include an assault on a female by a man or boy over 18 years old, as well as by a boy under that age or by a female of any age. A bill for a more serious offense is regarded as containing charges of all "less degrees" of the same crime, without specifying the elements of these "less degrees." Hence, speaking to a bill which charged a more serious offense, it was said that the elements of the "less degrees" of the same crime need not be alleged, albeit the jury would be required to find the degree of the crime in its verdict. *S. v. Bentley,* 223 N. C., 563, 27 S. E. (2d), 738.

Here, the verdict pronounces the defendant guilty of an assault on a female, *simpliciter.* No deadly weapon was used and no serious damage was done. Whether the permissible punishment is restricted, or in the discretion of the court, depends upon the age and sex of the defendant. These must appear in order to support a judgment as for an aggravated assault. *S. v. Smith,* 157 N. C., 578, 72 S. E., 853. When a defendant is convicted of an assault and there are circumstances of aggravation, and the circumstances of aggravation are that the defendant is a man or boy over 18 years of age and the assaulted person is a female, the punishment for the offense may be by fine or imprisonment, or both, at the discretion of the court. G. S., 14-33; *S. v. Bentley, supra.* True, there is a presumption that the defendant was over 18 years of age. *S. v. Herring, ante,* 213. But this is only a presumption. *S. v. Lefler, supra.*

Generally, in charges of assault or assault and battery with varying degrees of aggravation, the jury may convict of the assault or assault and battery and acquit, in whole or in part, of the circumstances of aggravation. *S. v. Bentley, supra.* Questions of jurisdiction and limitation of punishment are dependent upon the offense charged and the plea of the defendant or the finding of the jury. G. S., 7-129; 7-63; 7-64; 14-33; *S. v. Johnson,* 94 N. C., 863; *S. v. Smith,* 174 N. C., 804, 93 S. E., 910. To this general rule, however, there seems to be at least one exception. When a "man or boy over 18 years old" commits an assault or assault and battery on "any female person," even though no deadly weapon be used and no serious damage is done, the case is regarded as a general misdemeanor and the punishment is in the discretion of the court. *S. v. Jackson, ante,* 66, 36 S. E. (2d), 706. Hence, to

take the case out of the general rule and place it in the exception, the jury should determine in its verdict, specifically or by reference to the charge, the circumstances of aggravation which make the offense a general misdemeanor. *S. v. Lefler, supra; S. v. Lewis, supra.*

In other words, it all comes to this: a simple assault on a female by a boy not over 18 years old or by another female is restricted in punishment to a fine not exceeding $50 or imprisonment for not more than 30 days. The same assault, if committed by a man or boy over 18 years of age, would be punishable in the discretion of the court.

The question we are now considering was not in focus, or mooted, in the cases of *S. v. Jackson, ante,* 66, 36 S. E. (2d), 706; *S. v. Morgan,* 225 N. C., 549, 35 S. E. (2d), 621; *S. v. Stokes,* 181 N. C., 539, 106 S. E., 763; *S. v. Jones,* 181 N. C., 546, 106 S. E., 817. Moreover, in all these cases the bills were for more serious offenses or more aggravated assaults.

There was no error in allowing the solicitor to amend the warrant, as this was a matter resting in the sound discretion of the trial court. *S. v. Brown,* 225 N. C., 22, 33 S. E. (2d), 121. Coming as it did, however, after verdict, the amendment was ineffectual to supply the deficiency of the jury's finding. So, conforming to the precedent of the *Lefler case, supra,* the present cause will be remanded for another hearing.

*Venire de novo.*