Justice BEASLEY
concurring in part and dissenting in part.
I concur with the judgment of the Court as to defendant’s challenge to the right to control his defense in the cross-examination of Detective Braswell. But, because I would conclude that attempted assault with a deadly weapon inflicting serious injury is not a cognizable offense in North Carolina, I would affirm the judgment of the Court of Appeals on this issue, and therefore, I respectfully dissent.
The issue before this Court is whether “attempted assault with a deadly weapon inflicting serious injury” describes a cognizable felony offense that can serve as an underlying felony conviction in a charge for possession of a firearm by a convicted felon and for attaining habitual felon status. I would hold that it is not for several reasons. First, the statutory framework laid out by our General Assembly in Chapter 14, Article 8 of the North Carolina General Statutes evidences the legislature’s determination that one cannot be convicted of attempting an *344 “assault -with a deadly weapon inflicting serious ii\jury.” Second, I would hold that the show-of-violence definition of assault is not applicable to the term “assault” in “assault with a deadly weapon inflicting serious injury.” Finally, I would conclude that the show-of-violence theory of assault cannot be logically extended to include an inchoate crime— namely, an attempt.
First, the statutory framework laid out in Chapter 14, Article 8 demonstrates a legislative decision that attempted “assault with a deadly weapon inflicting serious injury” is not a crime for which a defendant may be convicted. Chapter 14, Article 8 was enacted to provide different punishments for varying degrees of the common law crime of assault and not as an endeavor to “create separate and distinct criminal offenses.” State v. Lefler, 202 N.C. 700, 701, 163 S.E. 873, 874 (1932) (“The Legislature did not mean to create separate and distinct criminal offenses, such as assault with [a] deadly weapon, assault with serious damage, assault upon a woman when the man is over eighteen years of age, or any other kind of assault which is aggravated in its circumstances or [of] serious and lasting damage in its consequences.” (quoting State v. Smith, 157 N.C. 578, 584, 72 S.E. 853, 855 (1911))). “There is but one offense, the crime of assault, and the varying degrees of aggravation were mentioned only for the purpose of graduating the punishment.” Id. at 701, 163 S.E. at 874 (quoting Smith, 157 N.C. at 584, 72 S.E. at 855 (1911)).
For example, subsection 14-32(b) states that “[a]ny person who assaults another person with a deadly weapon and inflicts serious injury shall be punished as a Class E felon,” N.C.G.S. § 14-32(b) (2015) (emphasis added), and subdivision 14-33(c)(l) states that any person who commits an assault and “[i]nflicts serious injury upon another person or uses a deadly weapon” is “guilty of a Class A1 misdemeanor,” id. § 14-33(c) (1) (2015) (emphasis added). Under either statute a defendant would be guilty of assault but, based on how the assault was carried out, would be punished differently.
Here defendant was convicted in 2005 of attempted assault with a deadly weapon inflicting serious injury.[1] See id. § 14-32(b) (“Any person *345 who assaults another person with a deadly weapon and inflicts serious injury shall be punished as a Class E felon.”). According to section 14-2.5, “[ujnless a different classification is expressly stated, an attempt to commit a misdemeanor or a felony is punishable under the next lower classification as the offense which the offender attempted to commit.” Id. § 14-2.5 (2015). As such, defendant was punished as a Class F felon. The conduct that would constitute an “attempt” to “assault with a deadly weapon inflicting serious injury” is, however, subject to a different classification covered by another assault statute, namely subdivision 14-33(c)(l). Therefore, defendant should not have been punished under the provisions of N.C.G.S. §§ 14-32(b) and 14-2.5.
As the majority reiterates, an attempt is (1) an intent to commit an act, and (2) “an overt act done for that purpose, going beyond mere preparation, but falling short of the completed offense.” State v. Powell, 277 N.C. 672, 678, 178 S.E.2d 417, 421 (1971) (citations omitted). Because an attempt occurs when the defendant’s actions “fall[ ] short of the completed offense,” it follows that attempt necessitates that some element of the crime is not complete. As applied to the crime of “assault with a deadly weapon inflicting serious injury,”[2] the majority states:
As a logical matter, these principles may be applied to the offense of assault with a deadly weapon inflicting serious injury in a straightforward fashion. A person who intends to “assault[ ] another person with a deadly weapon and inflictf ] serious injury,” and who does an overt act for that purpose going beyond mere preparation, but who ultimately fails to complete all the elements of this offense— for example, by failing to inflict a serious injury—would be guilty of the attempt rather than the complete offense.
Contrary to the majority’s assertion, if a person “fails to complete all of the elements of the offense—for example, by failing to inflict a serious injury” or failing to use a deadly weapon—that person is guilty *346 of the type of assault described in N.C.G.S. § 14-33(c)(l),[3] which is an assault inflicting serious injury upon another person or by use of a deadly weapon, and not an attempt to violate subsection 14-32(b).
The primary distinction between felonious assault under G.S. § 14-32 and misdemeanor assault under G.S. § 14-33 is that a conviction of felonious assault requires a showing that a deadly weapon was used and serious injury resulted, while if the evidence shows that only one of the two elements was present, i.e., that either a deadly weapon was used or serious injury resulted, the offense is punishable only as a misdemeanor.
State v. Lowe, 150 N.C. App. 682, 685, 564 S.E.2d 313, 316 (2002) (quoting State v. Owens, 65 N.C. App. 107, 110-11, 308 S.E.2d 494, 498 (1983)) (holding that it was plain error for the trial court not to instruct on misdemeanor assault inflicting serious injury under N.C.G.S. § 14-33 when it was questionable whether fists and a toilet seat or lid were used as deadly weapons).[4] Any “attempt” to “assault] ] another person with a deadly weapon and inflict] ] serious injury” that “fall[s] short of the completed offense” is, per the legislature’s determination, an assault as described in another statute, such as misdemeanor assault. Thus, in such a situation, a defendant should be convicted under the appropriate assault statute and not under a theory of “attempt” of a different statute.
That a defendant should be convicted under the appropriate assault statute is especially important given the legislature’s classifications of various types of assault and their corresponding punishments. As stated above, a person who violates subsection 14-32(b) is guilty of a Class E felony and a person who violates subdivision 14-33(c)(l) is guilty of a Class A1 misdemeanor. If a person commits a subdivision 14-33(c)(l) misdemeanor assault by either inflicting serious injury on another person or by use of a deadly weapon, but is convicted for an attempted assault under section 14-32(b) instead, then that person would be punished for a Class F felony instead of a misdemeanor. See N.C.G.S. § 14-2.5.
*347 The majority’s holding here undermines, the legislature’s determination of how to differentiate and punish different types of assault by sanctioning charging and convicting defendants of a felony when these defendants would otherwise be facing a misdemeanor charge or conviction under the statutes as written.
Therefore, given the statutory scheme for assaults laid out by the General Assembly in Chapter 14, Article 8 of the North Carolina General Statutes, I would conclude that one cannot be convicted of attempting an “assault with a deadly weapon inflicting serious injury.”
Second, attempted-assault with a deadly weapon inflicting serious injury is not cognizable under the show-of-violence theory of assault. “There is no statutory definition of assault in North Carolina, and the crime of assault is governed by common law rules.” State v. Roberts, 270 N.C. 655, 658, 155 S.E.2d 303, 305 (1967). Citing Roberts, the majority notes that this Court has defined two theories of assault. A person commits assault by
an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm.
Id. at 658, 155 S.E.2d at 305 (quoting 1 Strong’s North Carolina Index: Assault and Battery § 4 (1957)). A person also commits assault by “a show of violence accompanied by reasonable apprehension of immediate bodily harm or injury on the part of the person assailed which causes him to engage in a course of conduct which he would not otherwise have followed.” Id. at 658, 155 S.E.2d at 305.
In determining that attempted assault with a deadly weapon inflicting serious injury is a recognized offense in North Carolina, the majority holds that this attempted assault is possible under this Court’s “show-of-violence” theory of assault.[5] Nonetheless, at the end of its analysis, the majority does not explain how an assault under the show-of-violence *348 theory would apply in the context of an attempted assault with a deadly weapon inflicting serious injury.
The majority states that
[T]here is a substantial overlap between the two definitions of assault because an overt act or attempt to do immediate physical injury to another person is likely to constitute a show of violence that causes fear and change of behavior. As a result, relying upon the show-of-violence rule to define attempted assault does not create a significant limitation on the conduct covered by this offense.
I disagree. The majority’s combination or “substantial overlap” of the two definitions of assault is essentially a reiteration of one definition of assault, specifically the “attempted battery” definition of assault: “[A]n overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm.” Roberts, 270 N.C. at 658, 155 S.E.2d at 305 (emphasis added) (citations omitted) (quoting 1 Strong’s North Carolina Index: Assault and Battery § 4 (1957)). This definition of assault already takes into account that an overt act of violence or attempt to do immediate physical injury to another person is likely to cause fear and probably a change of behavior in another person. The show-of-violence theory then must be something different.
As noted by the majority in this case and this Court in Roberts, the show-of-violence rule developed from early decisions by this Court in which a person “offered to strike” another person, without yet “attempting to strike,” but still the offer to strike—or show of violence—was such that it caused the other person to reasonably fear that immediate bodily harm would ensue if he or she did not take a different course of conduct. See State v. Shipman, 81 N.C. 513 (1879) (holding that the defendant committed assault when he used threatening language and walked within six feet of the victim with a knife in hand, which alarmed the victim and caused him to immediately leave in order to avoid imminent danger); State v. Rawles, 65 N.C. 334, 336-37 (1871) (holding that the defendants committed assault—an offer to strike—when they approached the victim with weapons while using threatening language, which caused the victim to fear imminent bodily injury and take a different path home, though none of the weapons were “taken from the [bearer’s] shoulder” and they did not get nearer to the victim than about *349 seventy-five yards); State v. Church, 63 N.C. 15 (1868) (holding that the defendant committed assault—an offer of violence—when he drew a pistol from its sheath but did not cock or point it and walked within ten steps of the victim using threatening language causing the victim to fear bodily harm and leave); State v. Hampton, 63 N.C. 13 (1868) (holding that the defendant committed assault—an offer of violence—when he threatened to hit the victim and made a fist, but did not draw his arm back to hit him, causing the victim to fear bodily harm and take another course). As these early cases demonstrate, a show of violence—or an offer of violence as it was previously termed—is something less than an attempted violent act. Hampton, 63 N.C. 14 (“An assault is usually defined to be an offer, or attempt to strike another. An attempt means something more than an offer”). As such, one cannot attempt to “show violence” because by its nature a “show of violence” is something less than an attempt of violence.
Based on the observation that a show of violence is less than an attempt, I would conclude that the show-of-violence definition is not applicable to the statutory offense of “assault with a deadly weapon inflicting serious injury,” much less an attempt of such action. As the majority notes in its opinion, “the show-of-violence rule does not involve an attempt to cause injury to another person, but is based upon a violent act or threat that causes fear in another person.” And, as just described above, this show of violence is something less than or precedes an attempt to physically harm another. Thus, the show-of-violence definition of assault is inapposite to the type of assault described in subsection 14-32(b), in which infliction of a serious injury is an element. As such, only the common law definition that defines assault as “an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another” is applicable to this assault statute.[6] For this reason as well, I disagree with the majority’s conclusion that one can attempt an assault with a deadly weapon inflicting serious injury under a show-of-violence theory of assault.
*350 Lastly, I disagree with the majority that North Carolina law recognizes any type of attempted assault. As this Court noted in Roberts, the difference between the two theories of assault is where the emphasis is placed. The common law rule “places emphasis on the intent or state of mind of the person accused,” whereas the show-of-violence rule “places the emphasis on the reasonable apprehension of the person assailed.” Roberts, 270 N.C. at 658, 155 S.E.2d at 305. Thus, assault is either an attempt to cause injury or a show of violence that would put a reasonable person in fear imminent injury. The majority concludes that attempted assault is a cognizable offense in North Carolina under the show-of-violence theory of assault but does not explain how one may attempt to show violence, except to say that the definition of a show-of-violence assault “does not include any reference to attempt,” and thus by definition, because it is not an attempt to attempt, it may be attempted. As explained above, relying upon the show-of-violence rule to describe attempted assault is not logical because a show of violence causing someone to reasonably fear an injury is something less than even attempting to injure.
Therefore, I would conclude that attempted assault with a deadly weapon inflicting serious injury is not a crime in North Carolina.[7] Because I would hold that attempted assault with a deadly weapon is not a cognizable offense in North Carolina and therefore cannot serve as an underlying conviction for possession of a firearm by a felon or for attaining habitual felon status, these judgments should be vacated. For the reasons stated above, I would affirm the Court of Appeals on this issue and conclude that attempted assault is not a crime in North Carolina under our common law definition of assault. Thus, I respectfully dissent from the majority’s holding on this issue.

. Defendant was charged with assault with a deadly weapon with intent to kill inflicting serious injury pursuant to subsection 14-32(a), but ultimately pleaded no contest to “attempted assault with a deadly weapon inflicting serious injury” and was punished as a Class F felon. Though the indictment against defendant in the present action states that his previous felony conviction was under subsection 14-32(a), it appears defendant’s 2005 conviction was actually under subsection 14-32(b), as indicated by the language of what *345 he pleaded to as well as how he was punished. Thus, I use subsection 14-32(b), as does the majority, as an illustration. However, the same rationale that follows can be applied to subsection 14-32(a), namely that any uncompleted element of that assault puts the offense under another enumerated statute, and is not properly classified as an attempt to violate that particular statute.

. The elements of assault with a deadly weapon inflicting serious injury are “(1) an assault (2) with a deadly weapon (3) inflicting serious injury (4) not resulting in death.” State v. Wilson, 203 N.C. App. 110, 114, 689 S.E.2d 917, 920 (2010) (quoting State v. Woods, 126 N.C. App. 581, 592, 486 S.E.2d 255, 261 (1997)).

. “Unless the conduct is covered under some other provision of law providing greater punishment, any person who commits any assault, assault and battery, or affray is guilty of a Class A1 misdemeanor if, in the course of the assault, assault and battery, or affray, he or she: (1) Inflicts serious injury upon another person or uses a deadly weapon].] ” N.C.G.S. § 14-33(c)(l).

. In Owens the Court of Appeals held that the trial judge should have submitted a jury instruction on misdemeanor assault with a deadly weapon under N.C.G.S. § 14-33 as well as on felonious assault under section 14-32 when there was evidence that the victim’s injury was not serious. 65 N.C. App. at 111, 308 S.E.2d at 498.

. The majority seems to acknowledge without explicitly stating that there is no such crime as an attempted “attempted battery” type of assault. I agree. Though the majority calls into question this Court’s statement to that effect in State v. Hewett, 158 N.C. 627, 629, 74 S.E. 356, 357 (1912) by labeling it dicta, “[i]t is universally agreed that there is no such crime as an attempt to commit an assault of the attempted battery variety.” Dabney v. State, 159 Md. App. 225, 246, 858 A.2d 1084, 1096 (2004) (noting other states’ stances on attempt of “attempted battery” assault as discussed in Marjorie A. Shields, Annotation, Attempt to Commit Assault as Criminal Offenses, 93 A.L.R. 5th 683 (2004)).

. Admittedly, it would be helpful if the legislature included a definition of assault in the felony assault statute as the statute does seem to envision a battery as the concurrence asserts. While State v. Birchfield, describes the elements of section 14-32 to include a battery, 235 N.C. 410, 413, 70 S.E.2d 5, 7 (1952), this Court has recognized on numerous other occasions that the elements of the offense do not require a completed battery. See, e.g., State v. King, 343 N.C. 29, 35-36, 468 S.E.2d 232, 237 (1996) (“The essential elements of assault with a deadly weapon with intent to kill inflicting serious injury are: ‘(1) an assault, (2) with a deadly weapon, (3) with intent to kill, (4) inflicting serious injury, (5) not resulting in death.’ ” (quoting State v. Reid, 335 N.C. 647, 654, 440 S.E.2d 776, 780 (1994))), State v. Reid, 335 N.C. 647, 654, 440 S.E.2d 776, 780 (1994) (“The essential elements of the crime *350 are (1) an assault, (2) with a deadly weapon, (3) with intent to kill, (4) inflicting serious injury, (6) not resulting in death.”), State v. Meadows, 272 N.C. 327, 331, 158 S.E.2d 638, 640 (1968) (“The crime of felonious assault, created and defined by G.S. s 14-32, consists of these essential elements: (1) An assault, (2) with a deadly weapon, (3) with intent to kill, (4) inflicting serious injury, (5) Not resulting in death.”); State v. Jones, 258 N.C. 89, 91, 128 S.E.2d 1, 3 (1962) (“The statutory offense embodies (1) assault, (2) with a deadly weapon, (3) the use of the weapon must be with intent to kill, (4) the result of the use must be the infliction of serious injury, and (5) which falls short of causing death.”).

. The State argued in its brief that the defendant could not challenge his conviction of attempted assault with a deadly weapon inflicting serious injury because such a challenge would be an impermissible collateral attack. At oral arguments, however, the State conceded that an indictment that alleges an offense that does not exist would not create jurisdiction in the trial court. The trial court does not have jurisdiction to enter judgment on a nonexistent crime and thus defendant’s attempted assault conviction would be a nullity.