STATE v. J. G. STOKES.

(Filed 13 April, 1921.)

1. Criminal Law—Statutes—Classification of Offenses—Legislative Discretion—Constitutional Law.

The classification of criminal offenses and their punishment is a statutory regulation referred very largely to legislative discretion, and in its exercise may not be interfered with by the courts unless in clearly arbitry instances.

2. Constitutional Law— Criminal Law— Assaults—Female—Discrimination.

C. S., 4215, making conviction in cases of assault without intent to kill or injure punishable by fine or imprisonment, in the discretion of the court, restricting the punishment when no deadly weapon has been used or serious damage done, to a fine not exceeding fifty dollars or imprisonment not exceeding thirty days, but excluding from this restriction, among

other things, an assault by any man or boy over eighteen years old, on any female person, is not an unwarranted discrimination against one assaulting a female under the terms of the statute, or a denial to him of the equal protection of the laws guaranteed him by the Constitution.

**3. Constitutional Law—Criminal Law—Statutes—Affirmative Terms— Court's Discretion—Punishments.**

C. S., 4215, is not unconstitutional on the grounds that severe sentences for criminal offenses can only be upheld under a statute affirmative in terms, this statute, by correct interpretation affirmatively providing that in all cases of assault with or without the intent to kill, the person convicted shall be punished by fine or imprisonment in the discretion of the court, and not so limiting the court's discretion as to an assault upon a female, etc.

**4. Constitutional Law—Cruel and Unusual Punishments—Legislative Powers—Court's Discretion.**

The constitutional inhibition as to the imposition of cruel and unusual punishments may only be invoked in cases of manifest and gross abuse by the trial judge acting within a legislative discretion given him; and, in this case, a sentence of three months on the road, upon conviction for an assault upon a female, C. S., 4215, cannot be held as a matter of law, on appeal, to be unconstitutional as cruel or unusual.

CRIMINAL ACTION. Appeal by defendant from *Cranmer, J.,* at January Term, 1921, of PENDER.

Indictment was for an assault and battery on Jessie Brown, etc. On hearing, defendant plead guilty of statutory assault on a female. C. S., 4215. It was admitted by the solicitor that no deadly weapon was used and no serious damage done. There was judgment that the defendant be confined in the common jail for three months, assigned to work on the roads, etc. Defendant excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Stevens, Beasley & Stevens for the defendant.*

HOKE, J. The statute more directly applicable, C. S., 4215, provides that:

"In all cases of an assault, with or without intent to kill or injure, the person convicted shall be punished by fine or imprisonment, or both, at the discretion of the court: *Provided,* that where no deadly weapon has been used and no serious damage done, the punishment in assaults, assaults and batteries, and affrays shall not exceed a fine of fifty dollars or imprisonment for thirty days; but this proviso shall not apply to cases of assault with intent to kill or with intent to commit rape, or to cases of assault or assault and battery by any man or boy over eighteen years old on any female person."

Defendant objects to the legality of the punishment imposed upon him in this case on the ground chiefly that the statute presents an unwarranted discrimination against him and others in like case, and to the extent of denying to him the equal protection of the law, but we cannot so hold. In many authoritative decisions dealing with the question, both State and Federal, the power of classification as to the objects of statutory regulation has been referred very largely to the legislative discretion, and its exercise may not be interfered with by the courts unless the same is clearly arbitrary. *S. v. Burnett,* 179 N. C., 735; *Smith v. Wilkins,* 164 N. C., 136; *Efland v. R. R.,* 146 N. C., 135; *Tullis v. R. R.,* 175 U. S., 348-353; *Ins. Co. v. Daggs,* 172 U. S., 562; *McGowan v. Savings Bank,* 170 U. S., 286.

In *Efland's case* the Court stated the principle as follows: "The Legislature had the right to extend the statutory provisions in question to certain classes of pursuits and occupations imposing the requirements equally on all members of a given class, the limitation on this right of classification being that the same must be on some reasonable ground that bears a just and reasonable relation to the attempted classification, and is not a mere arbitrary selection."

And in *Tullis v. R. R., supra,* the Supreme Court of the United States, the final arbiter in these matters, held, as the approved position on the subject, "That the power of the State to distinguish, select, and classify objects of legislation necessarily has a wide range of discretion and it was sufficient to satisfy the demands of the Constitution if the classification was practical and not palpably arbitrary."

Applying the principle in *S. v. Burnett, supra,* a statute was upheld by which citizens of the State under fourteen entirely, and under sixteen to a great extent, were withdrawn from the ordinary effect and operation of the criminal laws of the State, to be dealt with by the special regulations established in the statute, a classification based upon difference of age. And in *Muller v. Oregon,* 208 U. S., 412, the difference of sex was recognized and approved as a proper basis for classification. Speaking to the question in the opinion, *Associate Justice Brewer* said in part:

"Though limitations upon personal and contractual rights may be removed by legislation, there is that in her disposition and habits of life which will operate against her full assertion of those rights. She will still be where some legislation to protect her seems necessary to secure a real equality of right. Doubtless there are individual exceptions and there are many respects in which she has the advantage over him; but, looking at it from the viewpoint of the effort to maintain an independent position in life, she is not upon an equality. Differentiated by these matters from the other sex, she is properly placed in a class

by herself, and legislation designed for her protection may be sustained even when like legislation is not necessary for men, and could not be sustained."

That was a decision involving the validity of a statute making special regulations as to her hours of labor, and involving her right and capacity to make a living. And all the more should the distinction be recognized in crimes of violence where the superior physical strength of the man puts her at a disadvantage and wherein the *purpose* of graver injury is not infrequently present. On reason and authority, therefore, the exception based upon an alleged unlawful classification made by the statute must be disallowed.

Defendant insists further that the imposition of a severe sentence of this kind can only be upheld under a statute affirmative in terms, and is not justified in the form now presented and by way of an indefinite exception, but this, to our minds, is not based on a proper concept of the law. On the contrary the statute, by correct interpretation and in effect, provides in affirmative terms that in all cases of assault, with or without the intent to kill, the person convicted shall be punished by fine or imprisonment in the discretion of the court, and within this provision shall be included "assault with intent to kill or with intent to commit rape, and cases of assault and battery on a female by a man or boy over eighteen years of age," this last being the offense for which defendant's submission has been entered.

The objection that the sentence should be annulled on the grounds that it constitutes cruel and unusual punishment is without merit. The constitutional inhibition relied upon here may only be invoked in cases of manifest and gross abuse on the part of the presiding judge.

From a careful consideration of the record, while we are justified in saying that there appears to have been no other purpose on the part of defendant than to aid his mother in the discipline of a child committed to her care and control, we are of opinion that there has been no error committed to defendant's prejudice, and that the sentence is not in itself so severe as to justify the Court in disturbing it as a matter of law.

No error.