### STATE v. WALTER TYSON.

(Filed 20 October, 1943.)

**Assault and Battery § 14: Rape § 5—**

> In a prosecution charging assault with intent to commit rape, where at the conclusion of the State's evidence defendant tendered a plea of guilty of an assault upon a female, and the court accepted defendant's plea and found as a fact that the female referred to was a child nine years of age and defendant was thirty-four years of age, and also that the assault was aggravated, shocking and outrageous, the accepted plea is for a misdemeanor under C. S., 4215, and judgment that defendant be confined to the State's Prison for not less than eight nor more than ten years, is a violation of N. C. Const., Art. I, sec. 14, and C. S., 4173.

---

STATE *v.* TYSON.

---

APPEAL by defendant from *Frizzelle, J.,* at September Term, 1943, of PITT.

Criminal prosecution upon an indictment charging the defendant with assault with intent to commit rape.

At the conclusion of the State's evidence, the defendant moved for judgment as of nonsuit upon the charge of assault with intent to commit rape, and tendered to the court a plea of guilty of an assault upon a female.

The court, being of the opinion that the State's evidence was not sufficient to warrant the submission of the case to the jury on the charge of assault upon a female with intent to commit rape, accepted the plea tendered by the defendant. Thereupon, the court found as a fact that the child, the female referred to in the bill of indictment, is nine years of age, and that the defendant is thirty-four years of age.

The court further found: "That the assault committed by the defendant was aggravated, shocking and outrageous to the sensibilities and decencies of right-thinking citizens, as will be disclosed by the testimony in the record."

Judgment: That the defendant be confined in the State's Prison for not less than eight nor more than ten years. Defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Wm. J. Bundy for defendant.*

DENNY, J. Defendant's only exception is to the sentence imposed as being violative of the Constitution of North Carolina, Art. I, sec. 14, and the statutes prescribing punishment for misdemeanors. The exception must be sustained.

C. S., 4173, provides: "All misdemeanors, where a specific punishment is not prescribed, shall be punished as misdemeanors at common law; but if the offense be infamous, or done in secrecy and malice, or with deceit and intent to defraud, the offender shall be punished by imprisonment in the county jail or state prison for not less than four months nor more than ten years, or shall be fined."

While his Honor found that the assault was aggravated, shocking and outrageous to the sensibilities and decencies of right-thinking citizens, the court did not find the offense to be infamous. Moreover, we do not think the plea tendered by the defendant, and accepted by the court, constituted a plea of guilty to an infamous offense, but, on the contrary, constituted a plea of guilty of a misdemeanor punishable as provided in C. S., 4215.

In the case of *S. v. Smith,* 174 N. C., 804, 93 S. E., 910, the defendant was tried upon a bill of indictment charging a secret assault. The evidence tended to show an aggravated assault with a deadly weapon, defendant firing twice with a pistol and slightly injuring the prosecuting witness. At the conclusion of the State's evidence, the defendant tendered a plea of guilty of assault with a deadly weapon, which plea was accepted by the State. The court sentenced the defendant to four years imprisonment in the penitentiary. Upon appeal this Court, in passing upon the identical question which is presented on this record, said: "The decision in *McNeil's case* is epitomized in the headnotes as follows: 'Misdemeanors made punishable as at common law, or punishable by fine or imprisonment, or both, can be punished by fine or imprisonment in the county jail, or both. Hence, a general verdict of "guilty" upon an indictment containing three counts, to wit, one for an assault with a deadly weapon with intent to kill, another for a similar assault with intent to injure, and a third for a common assault and battery, will not, since the Act of 1870-71, ch. 43, justify imprisonment in the penitentiary. Fine and imprisonment at the discretion of the court does not confer the power to imprison in the penitentiary.' While the language of section 3620 authorizes a punishment for assault with or without intent to kill, by fine or imprisonment, or both, in the discretion of the court, it does not at all mean that the judge may change the character of punishment recognized and established by the law for such an offense, but that, within such limits, the extent of the punishment is referred to the discretion of the trial judge, and his sentence may not be interfered with by the appellate Court, except in case of manifest and gross abuse. This position is emphasized by the fact that, under the former law (chapter 167, Laws 1868, secs. 8 and 7), an assault with a deadly weapon, or by any means likely to produce death, with intent to kill, could be punished by imprisonment in the penitentiary not exceeding ten years; and, in section 7, an assault with a deadly or dangerous weapon, without intent to kill, but with intent to injure, was so punishable not exceeding five years; and the statute of 1870-71, chapter 43, now Revisal, sec. 3620 (now C. S., 4215), was substituted for these sections and was enacted for the express purpose of repealing them. . . . Recurring to the many decisions imposing sentence for misdemeanors, we find none where a sentence of more than two years has been approved." *S. v. Driver,* 78 N. C., 429; *S. v. Stokes,* 181 N. C., 539, 106 S. E., 763; *S. v. Hill,* 181 N. C., 558, 107 S. E., 140; *S. v. Williams,* 186 N. C., 627, 120 S. E., 224; *S. v. Crews,* 214 N. C., 705, 200 S. E., 378.

There is error in the judgment rendered below, and the case is remanded to Pitt County Superior Court, to the end that a proper judg-

ment may be rendered on the plea tendered by the defendant and accepted by the State, in accordance with this opinion.

Error and remanded.