STATE v. CLINTON LEWIS.

(Filed 13 December, 1944.)

**Assault and Battery §§ 7g, 9—**

> Where a male defendant is charged with an assault upon a female, G. S., 14-33, there is a rebuttable presumption that the defendant is over 18 years of age, which presumption, in the absence of evidence to the contrary, is evidence to be considered by the jury; but this does not imply that the jury is not required to determine defendant's age.

APPEAL by defendant from *Burney, J.,* at January-February Criminal Term, 1944, of ROBESON.

Criminal prosecution upon a warrant, issued out of Recorder's Court of Lumberton District in Robeson County, North Carolina, charging that defendant, "a male person over the age of 18 years" did unlawfully and willfully assault one Ila Mae Holmes, "a female person," "by cursing, abusing and threatening and by twisting her arm and throwing her down causing painful bodily injuries," contrary to the form of the statute, etc., heard *de novo* in Superior Court of Robeson County upon appeal thereto by defendant from judgment of said recorder's court.

Verdict: "Guilty as charged in the warrant."

Judgment: Imprisonment in the common jail of Robeson County for a period of twelve months, to be assigned to work the roads under the supervision of the State Highway and Public Works Commission.

Defendant appeals to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*Caswell P. Britt, T. A. McNeill, and Robert H. Dye for defendant, appellant.*

WINBORNE, J. Appellant first contends on this appeal that while the warrant charges that he, the defendant, is over the age of eighteen years, there is no proof of this fact, and that, hence, there is error (1) in the refusal to grant his motions for judgment of nonsuit, G. S., 15-173, and (2) in instructing the jury: (a) that "under the evidence and the law applicable to the evidence in this case, . . . you may find the defendant guilty of an assault upon a female, he being a male person over 18 years of age . . ." (b) that "upon that evidence the State says and contends" that the jury "ought to be satisfied beyond a reasonable doubt that the defendant is guilty of an assault upon a female, he being a male person over 18 years of age," and (c) that if the jury "find from the evidence beyond a reasonable doubt that on the 22nd day of December, 1943, the

defendant, Clinton Lewis, committed an assault on the prosecuting witness, Ila Mae Holmes, as I have heretofore defined that offense to you, then it will be your duty to render a verdict of guilty against the defendant for an assault on a female, if you are satisfied beyond a reasonable doubt that defendant is over the age of 18 years." In these assignments we find no error of which defendant may properly complain.

The decisions of this Court construing G. S., 14-33, formerly C. S., 4215; Revisal, 3620, as amended, which relates to punishment for assaults, hold that "Where a male defendant is charged with an assault upon a female, there is a rebuttable presumption that the defendant is over eighteen years of age, which presumption, in the absence of evidence to the contrary, is evidence to be considered by the jury . . ." Headnote 2 in *S. v. Lefler,* 202 N. C., 700, 163 S. E., 873. And in the opinion in that case it is said that "the age of the assailant is a matter of defense," citing *S. v. Smith,* 157 N. C., 578, 72 S. E., 853; *S. v. Jones,* 181 N. C., 546, 106 S. E., 817, but that "this did not imply, however, that the jury is not required to determine the defendant's age." The subject is fully discussed in these cases. Moreover, while there is in the record on appeal no positive evidence as to the age of the defendant, it does appear that witnesses for defendant referred to him as "that man," and he is described as "a married man." And, though defendant testified as a witness on the trial below, he made no statement as to his age, and there is nothing in the record that tends to show that he contended that he was under the age of eighteen years at the date of the alleged offense.

In the light of the above settled rule of law, applicable to the facts in hand, the motions for judgment of nonsuit were properly overruled, and there is in the instructions to which the exceptions relate no error of which defendant may properly complain. The warrant charges that defendant is "a male person over the age of 18 years," and the jury finds defendant is "guilty as charged in the warrant."

Defendant next contends that there is error in portions of the charge to the jury on the plea of self-defense set up and relied upon by him, and that the court failed to charge fully on this plea. The charge as given substantially covers the subject, and is sufficient to meet the requirements of law.

Other assignments have been considered and are found to be without merit.

In the judgment below we find

No error.