### STATE v. WILLIAM MALPASS.

(Filed 22 May, 1946.)·

**1. Mayhem §§ 1, 2—**

In order to support a conviction of violation of G. S., 14-29, it is necessary that the injury be permanent, and upon evidence tending only to show a temporary injury to the privy parts of prosecuting witness the defendant's motion to nonsuit should be allowed. "To maim" as distinguished from "to wound" imports permanent injury.

**2. Criminal Law § 79—**

Exceptions not brought forward in appellant's brief are deemed abandoned. Rule 28.

**3. Criminal Law § 83—**

Where defendant is sentenced to serve a term in the State's Prison upon a general verdict of guilty on an indictment containing two counts, one charging a felony and the other a misdemeanor, and on appeal it is determined that defendant's motion to nonsuit should have been allowed on the count charging a felony, the cause must be remanded for proper judgment upon the conviction of the misdemeanor, since the sentence is not supported by the conviction on that count.

APPEAL by defendant from *Williams, J.,* at November Term, 1945, of COLUMBUS.

The defendant was tried, convicted and sentenced to imprisonment in the State's Prison upon a bill of indictment charging that he (1) "did unlawfully, willfully, and feloniously and on purpose, but without malice aforethought, maim or disfigure the privy members of S. L. Purvis, to wit, his testicle or testicles, with intent to maim, disfigure, disable or render impotent the said S. L. Purvis, contrary to the form of the statute"; and that he, defendant, on the day and year aforesaid, did (2) "in and upon one S. L. Purvis unlawfully and willfully make an assault, and he, the said William Malpass then and there unlawfully did · beat and wound and thereby seriously damage and injure S. L. Purvis, against the form of the statute . . ." The jury returned the verdict "that William Malpass is guilty as charged in the bill of indictment."

Motion was duly made by the defendant for judgment as of nonsuit on the evidence, which was overruled by the court and defendant noted an exception. Motion was made and allowed that judgment be continued until the November Term, 1945. The case came on for hearing before Williams, J., at the November Term, of Columbus, and on 17 November, 1945, the defendant being present, the solicitor prayed judgment and judgment was pronounced "that the defendant be confined in the State Prison for a term of not less than 2 years nor more than 5 years to be worked under the supervision of the State Highway and Public Works Commission." From this judgment the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*
*Nathan Cole and Lyon & Lyon for defendant, appellant.*

SCHENCK, J.. The first three exceptive assignments of error set out in the appellant's brief have their origin in his Honor's refusal to allow the defendant's motion to dismiss the action on the first count in the bill of indictment, namely, violation of G. S., 14-29, duly lodged when the State had produced its evidence and rested its case, and duly renewed after all the evidence in the case was concluded. G. S., 15-173.

It is contended by the defendant that when the statute speaks of disablement or disfigurement of a limb or member of the body as a maiming, a permanent injury is contemplated, such as at common law would constitute mayhem. "To wound" is distinguished from "to maim" in that the latter implies a permanent injury to a member of the body or renders a person lame or defective in bodily vigor. Black's Law Dictionary (Second Edition), p. 746; 16 A. L. R., 959. In the case at bar the first count in the bill of indictment charges only the maiming of the privy members of the prosecuting witness. There is no evidence of any permanent injury to the testicles or private parts of Purvis, no evidence of any castration or of any injury that might cause impotency. The evidence offered by Purvis was to the effect that his injury was not permanent—the State's witness, the physician, Dr. Walton, testified that he recalled no injury to the testicles. With these contentions of the defendant, notwithstanding the variance of the authorities, we concur, and since there was no evidence of permanent injury to the privy parts of the prosecuting witness, we are of the opinion that it was error of the court to submit to the jury the question of the guilt of the defendant under the statute, G. S., 14-29.

We are of the opinion, and so hold, that the court did err in refusing to allow the motion of the defendant to dismiss the action on the first

count made when the State had rested its case and renewed when the case was concluded, and therefore it is ordered that the judgment in so far as it relates to the offense of the violation of G. S., 14-29, is reversed.

In so far as the second count in the bill of indictment, the charge being an assault wherein serious damage was inflicted, is concerned, there appear in the appellant's brief no exceptions taken in connection with the trial on the second count, such being the case, even if there should be such exceptions taken in the record, they are deemed abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 562.

The jury returned a verdict of "Guilty as charged in the bill of indictment," whereupon the court adjudged "that the defendant be confined in the State Prison for a term of not less than 2 years nor more than 5 years to be worked under the supervision of the State Highway and Public Works Commission." There was no apportionment of the punishment adjudged between the conviction of the offense charged in the first count and the conviction of the offense charged in the second count. In view of the fact that that portion of the punishment adjudged which might be attributable to the first count is rendered nugatory by the reversal of the action of the court in submitting such count to the jury, the question is posed, does the conviction alone on the second count support the judgment as rendered? We are constrained to answer in the negative. The offense charged in the second count, an assault wherein serious damage is inflicted is a misdemeanor and conviction thereof does not support a judgment of imprisonment in the State's Prison from two to five years. Therefore the case is remanded for a proper judgment upon a conviction on the second count, a misdemeanor. *S. v. Graham,* 224 N. C., 347, 30 S. E. (2d), 151.

Error and remanded.