STATE v. JUNIOR TERRY.

(Filed 24 September, 1952.)

**1. Criminal Law § 76a—**

Where petition for writ of *certiorari* filed by defendant in apt time to bring up the record and case on appeal on his original appeal is denied, and upon a later appeal from denial of defendant's motion in the trial court to strike out the original. judgment, it appears that the Court, in denying the petition for *certiorari*, had inadvertently overlooked matters showing probable error in the trial, the Supreme Court will reconsider the petition for *certiorari* and grant the petition in order to prevent injustice.

**2. Criminal Law § 60b—**

Where defendant enters a plea of guilty to a warrant charging an assault upon a female and nothing more, the trial court is without authority, upon a later amendment of the warrant to charge that defendant was a male person over eighteen years of age, to enter judgment on the amended warrant in the absence of a verdict of a jury or a plea of guilty by defendant to the warrant as amended, and sentence in excess of that permitted by law for the offense originally charged in the warrant will be set aside and cause remanded for trial upon the warrant as amended.

APPEAL by defendant from *Rudisill, J.,* May Term, 1952, ROCKINGHAM.

This appeal arises from an adverse judgment upon defendant's motion to strike the original judgment from the record.

The defendant was tried at the August 1951 Term of the Superior Court of Rockingham County upon a warrant charging that he "did commit an assault on a female, to wit: Mrs. Gold Lawson, by knocking her down and putting her in great fear and causing injury to her body contrary to the form of the statute and against the peace and dignity of the State." Defendant entered a plea of "guilty" as charged and was remanded to jail for judgment at a later date during the term. Two days after the plea of guilty was entered, the solicitor moved to amend the warrant to include an allegation that the defendant was a male person over 18 years of age. This motion was allowed over defendant's objection. The defendant never pled guilty to the warrant as amended nor was the case submitted to a jury. The court, however, found as a fact from the testimony of the defendant's mother and from the physical appearance of the defendant, who was then in court, "that the defendant was 23 years of age at the time of the assault." Thereafter, during the term, judgment was entered sentencing the defendant to be "confined in the common jail of Rockingham County for a period of two years to be assigned to work on the roads under the control and supervision of the State Highway and Public Works Commission." From this judgment, defendant in open court gave notice of appeal.

STATE *v.* TERRY.

On 30 August, 1951, the solicitor accepted service of defendant's statement of case on appeal, which was filed in the office of the Clerk of Superior Court of Rockingham County on the following day. On 10 September, 1951, the solicitor served a countercase upon D. Floyd Osborne, who was a member of defendant's legal staff during the trial and who had since attempted unsuccessfully to withdraw from the case. The countercase was never served upon the defendant nor upon Robert S. Cahoon, who still represents defendant. On 21 September, 1951, Judge Rousseau made an order settling the countercase as the statement of the case on appeal.

On 25 September, 1951, defendant filed in this Court his petition for writ of *certiorari,* to which was attached an uncertified copy of his statement of case on appeal. On 29 September, 1951, a copy of defendant's statement of case, accompanied by two certificates of the Clerk of Superior Court of Rockingham County, was filed in this Court. The first certificate, dated 31 August, 1951, was not under seal and certified that defendant's statement of case on appeal constituted the case on appeal and that no countercase had been filed; and the second, dated 28 September, 1951, with Clerk's seal affixed, certified that said papers constituted a true and correct copy of defendant's statement of case on appeal. The latter certificate also recited that the first certificate was returned to the clerk at his request. The statement of the case on appeal as settled by the presiding judge was certified to this Court and filed here on 26 September, 1951.

On 28 September, 1951, defendant filed in this Court a motion to strike the purported case on appeal as settled by the trial judge and to substitute in its place the defendant's statement of case on appeal. Defendant asked that his motion be included in and as a part of his petition for writ of *certiorari.* The effect of defendant's motion and his petition for writ of *certiorari* was a request that this Court state and settle the statement of case on appeal.

The Attorney-General in apt time moved that defendant's appeal be dismissed and the judgment of the lower court affirmed under Rule 17, for failure to perfect the appeal. This motion was allowed on 30 October, 1951.

On 19 May, 1952, defendant moved in the Superior Court of Rockingham County to strike the original judgment on the ground that his constitutional rights had been violated. This motion was denied and defendant excepted and appealed, assigning error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Robert S. Cahoon for defendant, appellant.*

VALENTINE, J.   Matters in the record on this appeal direct our attention to the petition for a writ of *certiorari,* filed by the defendant in apt time to bring up the record and case on appeal on his original appeal, which was denied for the reason defendant had failed to show merit or probable error in the trial.   A re-examination of that petition and the exhibit attached thereto disclose that the petition does show probable error which we then inadvertently overlooked.   We, therefore, upon a reconsideration of the petition for writ of *certiorari,* now grant the same and consider the record on this appeal as due return to the writ. ·

When defendant's plea of guilty was tendered and accepted by the State, the warrant charged an assault upon a female and nothing more.   It contained no allegation that a deadly weapon was used or that serious damage was done or that defendant was a male person over 18 years of age.   G.S. 14-33.   This is the warrant to which defendant's plea of guilty speaks.

The finding by the court that the defendant was 23 years of age at the time of the assault could not suffice to bring the defendant within the warrant *as amended.* Only a plea of guilty *to* or a jury verdict upon the warrant as amended could subject the defendant to the punishment prescribed for an assault upon a female person by a man or boy over 18 years of age.   The punishment for the crime to which the defendant pled guilty is restricted to a fine of not more than $50.00, or imprisonment not in excess of 30 days, or both.

To justify a sentence of imprisonment for two years for a simple assault upon a female person by a man or boy, where no serious damage was done, the defendant must have been over 18 years of age, and this fact must have been asserted in the warrant and found by the jury with the other necessary elements of the crime, or established by defendant's plea of guilty.   However, an exception to this rule arises when a defendant is charged with an assault on a female resulting in serious and permanent injury.   In which case, the defendant could plead guilty to or be convicted of "a less degree of the same crime charged," which could include an assault on a female by a male person over 18 years of age.   This is not the situation here.   The opinion of and the cases cited by the late *Chief Justice Stacy,* in *S. v. Grimes,* 226 N.C. 523, 39 S.E. 2d 394, constitute complete authority for the position here taken with respect to this aspect of the case.   Upon what was there so ably said, we must conclude that the learned and painstaking judge below exceeded his authority in sentencing the defendant to two years in prison upon defendant's plea of guilty to the charge contained in the warrant as originally drawn.

It would be a manifest injustice to allow an unlawful sentence upon defendant's plea of guilty to stand.   It would also be an injustice to send this case back for a corrected sentence.   It appears under all the circum-

stances that the case should be remanded for trial upon the warrant as amended. Indeed, that is the end sought by the defendant.

For the error pointed out, the case is remanded for a

New trial.