STATE v. ERNEST ROBBINS, ALIAS ERNEST KIMES.

(Filed 22 May, 1957.)

**1. Criminal Law § 81c (2)—**

Any error in the instructions of the court relating to a higher degree of the offense cannot be prejudicial to defendant upon his conviction of a lesser degree of the crime.

**2. Rape § 25—**

In a prosecution for assault on a female with intent to commit rape, reference in the court's instruction to the sixteen year old prosecutrix as a "child" could create no more prejudice against defendant than her appearance on the stand and her testimony as to her age.

**3. Criminal Law § 53g: Assault and Battery § 16—**

In a prosecution for assault on a female with intent to commit rape, the court is not required to submit to the jury the question of defendant's guilt of simple assault when there is no evidence of this lesser degree of the crime.

**4. Assault and Battery § 15—**

The court's definitions of assault and assault upon a female *held* correct and sufficiently full in this case in the absence of request for further elaboration.

APPEAL by defendant from *Sink, Emergency J.,* at 27 August, 1956 Criminal Term of GUILFORD, Greensboro Division.

Criminal prosecution upon a bill of indictment charging that Ernest Robbins, *alias* Ernest Kimes, with force and arms "unlawfully, willfully and feloniously did assault one Ruth Wells, a female, with intent

her the said Ruth Wells unlawfully, feloniously, by force and against her will to ravish and carnally know, against the form of the statute," etc.—consolidated with the case of *State v. Carl Maness* for purpose of trial.

Upon trial in Superior Court the State offered evidence tending to support the charge against defendants, and defendants in turn testified, and offered testimony of others tending to controvert the evidence offered by the State, and to exculpate them. The court instructed the jury that any one of three verdicts, guilty of an assault with intent to commit rape, guilty of assault upon a female, or not guilty, could be rendered by the jury as to each defendant.

Verdict: Guilty of assault upon a female as to each of the defendants.

Judgment: As to Ernest Robbins: That he be confined in the common jail of Guilford County for a period of two years, to be assigned to work on the roads as provided by the law under the State Highway and Public Works Commission.

Defendant Ernest Robbins, *alias* Ernest Kimes, excepted to the judgment and appeals to Supreme Court, and assigns error.

*Attorney-General Patton and Assistant Attorney-General Bruton for the State.*

*George W. Gordon and Lawrence Egerton, Jr., for Defendant Appellant.*

WINBORNE, C. J. The record of case on appeal reveals that there were no objections and exceptions to any evidence offered upon the trial below. And while defendant took exception to denial of motion for judgment as of nonsuit at the close of all the evidence no assignment of error is based thereon, and no attempt is made to present it to this Court. Indeed all assignments of error, other than formal ones, are based upon exceptions to portions of the charge as given, and exceptions to the failure of the trial court to comply with G.S. 1-180.

The Court will now consider such of the assignments of error set forth in brief of appellant as seem to merit express treatment.

Assignment of Error No. 3. Exception No. 3.

This exception is directed to this language used in the charge: "There can be no assent in the crime of an 'assault with intent to commit rape.'" Turning to the record of case on appeal it is seen that this sentence is the concluding part of a paragraph in which the court instructed the jury: "In order to convict a defendant of the charge of assault with intent to commit rape, the evidence should show not only an assault, but that the defendant intended to gratify his passion upon the person of the woman and that he intended to do so at all event, notwithstanding any resistance on her part." So read, the meaning of the instruction seems clear. But in any event, the defendant was only

convicted of assault upon a female. Hence, if error there be in the instruction, it is not prejudicial. See *S. v. Kiziah,* 217 N.C. 399, 8 S.E. 2d 474, and *S. v. Mangum,* 245 N.C. 323, 96 S.E. 2d 39, cited in brief of the Attorney-General.

Assignment of Error No. 9. Exception No. 9.

This assignment of error is based upon exception to the court, in stating contentions, referring to the prosecutrix Ruth Wells as the Wells "child." She testified that she was sixteen years old. Such a person in the ordinary language of laymen is understood to be a child. To refer to her as such creates no more prejudice against defendant than does her appearance upon the witness stand testifying that she is sixteen years of age. The exception is without merit.

Assignments of Error Nos. 24 and 25. Exceptions Nos. 24 and 25.

These assignments of error are based upon exceptions to alleged failure of the trial judge to state in a plain and correct manner the evidence given in the case, and declare and explain the law arising thereon in respect to "assault" and "assault upon a female."

The court did not submit an issue of simple assault for there was no evidence of this lesser offense. When there is no evidence of guilt of such less crime, the court is not required to charge the jury as to a lesser degree of the crime. *S. v. McNeely,* 244 N.C. 737, 94 S.E. 2d 853.

The definitions of assault and assault upon a female as given by the trial court appear to be correct and sufficient. *S. v. Williams,* 186 N.C. 627, 120 S.E. 224. In absence of request for further elaboration, defendant may not now complain. *S. v. McLean,* 234 N.C. 283, 67 S.E. 2d 75.

Moreover all other assignments of error presented on this appeal have been given careful consideration, and prejudicial error is not made to appear. The jury has accepted the evidence offered by the State, and the verdict rendered is supported by the evidence.

Hence in the judgment from which appeal is taken, there is

No error.