STATE v. DONALD EUGENE COURTNEY.

(Filed 4 June, 1958.)

1. **Assault and Battery § 17:    Rape § 28—**

    A verdict of guilty of assault on a female is a permissable verdict under an indictment for rape.

**2. Assault and Battery § 4—**

G.S. 14-33 relates only to punishment and creates no new offense.

**3. Assault and Battery § 7—**

In a prosecution of a male person for assault upon a female, the presumption is that the defendant is over 18 years of age, with the burden upon defendant to show as a matter of defense, relevant solely to punishment, that he was not over 18 years of age at the time the offense was committed, if this be the case.

**4. Assault and Battery § 11—**

An indictment for assault upon a female need not charge that defendant was over 18 years of age at the time of the alleged assault in order to support punishment as for a general misdemeanor, since the age of the defendant is no part of the offense but relates solely to punishment.

**5. Indictment and Warrant § 9—**

An indictment must allege every essential element of the offense it purports to charge.

**6. Criminal Law § 32—**

A plea of not guilty puts in issue every essential element of the crime charged.

**7. Assault and Battery § 12—**

Where the indictment contains no averment that defendant was over 18 years of age at the time of the alleged assault, defendant's plea of not guilty, without more, does not put in issue whether he was over 18 years of age at the time the offense was committed.

**8. Assault and Battery § 17—**

Ordinarily, whether a defendant was over 18 years of age at the time the offense was committed, so as to warrant punishment as for a general misdemeanor upon conviction of defendant of assault upon a female, is for the determination of the jury and not the court, and may be appropriately determined upon a separate issue, with presumption that defendant was over 18 years of age being evidence for the consideration of the jury upon the question.

**9. Same—**

When a male defendant, during the progress of his trial on an indictment charging an assault on a female or a more serious crime embracing the charge of assault on a female, testifies that he was more than 18 years of age at the time of the assault, and there is no evidence or contention to the contrary, the collateral issue as to defendant's age need not be submitted to or answered by the jury in order for the verdict of guilty of assault upon a female to warrant punishment as for a general misdemeanor. *S. v. Grimes*, 226 N.C. 523, modified to this extent.

PARKER, J., dissenting.

HIGGINS, J., concurs in dissent.

APPEAL by defendant from *Pless, J.,* December 2, 1957, Regular Criminal Term, of MECKLENBURG.

Criminal prosecution on indictment charging that defendant, on the 7th day of November, 1957, "did unlawfully, wilfully, and feloniously rape, ravish and carnally know Shirley Allen, a female, forcibly and against her will," etc.

Verdict: "Guilty of assault on a female."

Judgment, imposing a prison sentence of not less than 12 nor more than 18 months, was pronounced.

Defendant excepted and appealed.

*Attorney-General Patton and Assistant Attorney-General McGalliard, for the State.*

*Amon M. Butler, James B. Ledford and L. Glen Ledford for defendant, appellant.*

BOBBITT, J.  The only exceptive assignment of error is that the verdict does not support the judgment. Defendant contends that, since there was no jury finding that he was a man or boy over 18 years of age at the time of the alleged assault, the maximum legal sentence was a fine not in excess of $50.00 *or* imprisonment for a term not in excess of 30 days.

According to the agreed case on appeal, the undisputed evidence was that the alleged assault occurred November 7, 1957, the date alleged; and defendant testified (December 2, 1957), on direct examination by his own counsel: "I am 19 years old. . . . Yes, I was in the armed services for 17 months and 25 days. I have an honorable discharge."

The precise question is whether, under these circumstances, defendant's testimony as to his age eliminated the necessity for a jury determination that he was over 18 years of age at the time of the alleged assault.

The verdict, "Guilty of assault on a female," was a permissible verdict and was accepted. Decisions to the effect that when a jury returns an informal, insensible, or a repugnant verdict, or one that is not responsive to the issues submitted, they may be directed by the court to retire and reconsider the matter and bring in a proper verdict, do not apply. See *S. v. Gatlin,* 241 N.C. 175, 84 S.E. 2d 880; *S. v. Perry,* 225 N.C. 174, 33 S.E. 2d 869. Defendant does not challenge the acceptance of the verdict or any other feature of the trial.

It is noted further that we are not concerned with a situation such as that considered in *S. v. Brown, ante,* 311, 103 S.E. 2d 341, and cases cited, where the verdict returned and accepted was insufficient to support the pronouncement of *any* judgment.

15 — 248

Section 3620, Revisal of 1905, provided: "Assault, punishment for. In all cases of an assault, with or without intent to kill or injure, the person convicted shall be punished by fine or imprisonment, or both, at the discretion of the court: Provided, that where no deadly weapon has been used and no serious damage done, the punishment in assaults, assaults and batteries, and affrays, shall not exceed a fine of fifty dollars or imprisonment for thirty days; but this proviso shall not apply to cases of assault with intent to kill, or with intent to commit rape."

By Chapter 193, Public Laws of 1911, the General Assembly amended said Section 3620 by adding at the end thereof the following: "or to cases of assault or assault and battery by any man or boy over eighteen years of age on any female person." As so amended, said Section 3620 was brought forward and codified as Section 4215, Consolidated Statutes of 1919.

CS 4215 was amended by Chapter 189, Public Laws of 1933, relating to the competency of communicated threats in certain assault cases where the defendant's plea is self-defense. As so amended, CS 4215 was brought forward and codified as Section 14-33, General Statutes (Volume 1) of 1943. Section 14-33, General Statutes of 1943, was rewritten by Chapter 298, Session Laws of 1949; and as rewritten the relevant statutory provisions are now codified as Section 14-33 of the General Statutes (Volume 1B) as recompiled in 1953.

Ch. 193, Public Laws of 1911, amending Revisal, Sec. 3620, was first construed in *S. v. Smith*, 157 N.C. 578, 72 S.E. 853. The indictment, which contained no allegation as to the defendant's age, was for an assault with intent to commit rape. The verdict was, guilty of "assault and battery on Lillian Whitson—the defendant Turner Smith being over eighteen years of age." The judgment imposed a 2-year prison sentence. After serving thirty days, the defendant, in *habeas corpus* proceedings, urged as ground for immediate discharge that, absent an allegation that he was more than eighteen years old, the maximum lawful sentence was thirty days. This Court found no error in the order discharging the writ and remanding the petitioner to custody.

These specific holdings in *S. v. Smith, supra,* have been followed consistently by this Court:

1. The said 1911 Act "was not intended to create a separate and distinct offense in law, to be known as an assault and battery by a man, or boy over eighteen years of age, upon a woman," for "it was always a crime for a man, or a boy over eighteen years of age, to assault a woman." As stated succinctly by Barnhill, J., (later C. J.), in *S. v. Jackson*, 226 N.C. 66, 36 S.E. 2d 706: "G.S. 14-33 creates no new offense. It relates only to punishment."

2. The presumption is that the male person charged is over 18

years of age; and the fact, if it be a fact, that he is not over 18 years of age, relevant solely to punishment, is a matter of defense. *S. v. Lewis,* 224 N.C. 774, 32 S.E. 2d 334, and cases cited. In *S. v. Morgan,* 225 N.C. 549, 35 S.E. 2d 621, and in *S. v. Herring,* 226 N.C. 213, 37 S.E. 2d 319, it is stated that the burden of establishing this defense rests on the defendant.

3. Since it is not an essential element of the criminal offense, it is not required that the indictment allege that the defendant was a male person over 18 years of age at the time of the alleged assault. *S. v. Jones,* 181 N.C. 546, 106 S.E. 817; *S. v. Lefler,* 202 N.C. 700, 163 S.E. 873.

Prerequisite to its validity, an indictment must allege every essential element of the criminal offense it purports to charge. *S. v. Jordan,* 247 N.C. 253, 100 S.E. 2d 497; *S. v. Greer,* 238 N.C. 325, 77 S.E. 2d 917, and cases cited; 27 Am. Jur., Indictments and Information Sec. 54; 42 C.J.S., Indictments and Information Sec. 100.

A plea of not guilty puts in issue *every essential element of the crime charged. S. v. McLamb,* 235 N.C. 251, 256, 69 S.E. 2d 537, and cases cited; 14 Am. Jur., Criminal Law Sec. 268; 22 C.J.S., Criminal Law Sec. 454.

Although not an essential averment, if in fact the indictment charges that the defendant is a male person over the age of 18 years, as in *S. v. Lewis, supra,* and other cases, it may be considered, nothing else appearing, that the defendant's plea of not guilty is a denial of this nonessential averment; but where as here the indictment does not so charge it cannot be said that the defendant, simply by his plea of not guilty, puts in issue whether he was over 18 years of age at the time of the alleged assault.

In *S. v. Lefler, supra,* Adams, J., quotes the following from *S. v. Smith, supra:* "It is best, and certainly safe, that the court should require the jury under a special issue submitted to find the facts necessary to determine the grade of the punishment; . . . and if it is found that he (the man or boy) was over eighteen years of age at the time the offense was committed, he may be punished as for an aggravated assault, whether his age is stated in the indictment or not."

Whether a deadly weapon was used, whether serious damage was done, whether there was an intent to kill, whether there was an intent to commit rape, relate directly to the defendant's *conduct* in relation to the alleged assault; but whether he was then *a man or boy over 18 years of age* relates solely to the defendant's *personal status* at the time of the alleged assault.

Whether defendant was over 18 years of age is a collateral matter, wholly independent of defendant's guilt or innocence in respect of

the assault charged; and it would seem appropriate, as pointed out by Walker, J., in *S. v. Smith, supra,* that this be determined "under a special issue." Unless the necessity therefor is eliminated by defendant's admission, this issue must be resolved by a jury, not by the court. *S. v. Lefler, supra; S. v. Grimes,* 226 N.C. 523, 39 S.E. 2d 394; *S. v. Terry,* 236 N.C. 222, 72 S.E. 2d 423. And, upon the trial of such issue, the presumption that defendant was over 18 years of age at the time of the alleged assault is evidence for consideration by the jury. *S. v. Lefler, supra; S. v. Lewis, supra; S. v. Grimes, supra.*

Appellant relies principally on *S. v. Grimes, supra;* and candor compels the admission that this decision, based largely on *S. v. Lefler, supra,* tends in some measure to support his contention.

In *S. v. Lefler, supra,* the indictment did not charge that the defendant was a male person over the age of 18 years, but did charge that he "did unlawfully, wilfully and feloniously beat and wound one Dora Shoe, she being a female, by throwing her body upon the Bank of South Yadkin River, and thereby seriously and permanently injuring the said Dora Shoe . . ." The jury's verdict was "Guilty of simple assault." The judgment imposed a prison sentence of 12 months.

Neither the evidence nor the judge's charge was included in the record on appeal. Absent the evidence and charge, this Court surmised that the verdict "signified an assault without the use of a deadly weapon or without the infliction of serious injury." Whether the defendant, during the trial, contended that he was not over 18 years of age, does not appear; nor does it appear that the court, in instructing the jury, submitted for their consideration and determination whether defendant was over 18 years of age at the time of the alleged assault. It would appear that the skeleton record on appeal caused such uncertainty as to the significance of the verdict as to cause this Court, "in the absence of a finding as to the defendant's age," to award a new trial.

In *S. v. Grimes, supra,* the defendant was first tried in the Recorder's Court and thereafter in superior court on a warrant charging simply that he unlawfully and wilfully assaulted Mrs. J. C. Perkins, a female. The State's evidence tended to show that defendant, on a Rocky Mount Street, at nighttime, beat Mrs. Perkins and caused her face to bleed. The defendant testified, denying that he was in any way involved in the alleged assault. While he did not testify directly as to his age, he did testify that he had been in the Maritime Service of the United States Government for five or more years. The jury returned a verdict of "Guilty of an assault on a female as charged in the warrant." After verdict, the court, over defendant's objection, allowed the solicitor's motion to amend the warrant so as to charge that de-

fendant was "a male person over the age of 18 years"; and thereupon the court imposed a prison sentence of 18 months.

The opinion by Stacy, C. J., states: "Hence, to take the case out of the general rule and place it in the exception, the jury should determine in its verdict, specifically or by reference to the *charge,* the circumstances of aggravation which make the offense a general misdemeanor. *S. v. Lefler, supra; S. v. Lewis, supra.*" (Our italics) (Note: "Charge" is used in the sense of accusation by warrant or indictment, not in the sense of instructions to the jury.) The opinion concludes: "There was no error in allowing the solicitor to amend the warrant, as this was a matter resting in the sound discretion of the trial court. *S. v. Brown,* 225 N.C. 22, 33 S.E. 2d 121. Coming as it did, however, after verdict, the amendment was ineffectual to supply the deficiency of the jury's finding. So, conforming to the precedent of the *Lefler* case, supra, the present cause will be remanded for another hearing. *Venire de novo.*"

The ruling that the court had the power, in its discretion, to allow said amendment to the warrant implied that the warrant as amended did not charge a different criminal offense from that of which the defendant had been convicted in the Recorder's Court. *S. v. Cooke,* 246 N.C. 518, 98 S.E. 2d 885, and cases cited.

In *S. v. Grimes, supra,* the verdict established that the defendant was guilty of the criminal offense charged in the warrant, to wit, an assault on a female. Assume that, absent an admission that he was over 18 years of age at the time of the alleged assault, punishment for a general misdemeanor could not be imposed unless and until a jury found that he was over 18 years of age. Ordinarily, the illegality of the judgment does not vacate the verdict; but the established practice is to set aside the judgment and remand the cause for proper judgment on the verdict. *S. v. Robinson,* 245 N.C. 10, 95 S.E. 2d 126, and cases cited; *S. v. Graham,* 224 N.C. 347, 30 S.E. 2d 151; *S. v. Tyson,* 223 N.C. 492, 27 S.E. 2d 113; *S. v. Palmer,* 212 N.C. 10, 192 S.E. 896; *S. v. Smith,* 174 N.C. 804, 93 S.E. 910.

It seems appropriate to call attention to the cases discussed below.

In *S. v. Stokes,* 181 N.C. 539, 106 S.E. 763, the indictment charged that defendant assaulted one Jessie Brown, "she being a female over the age of eighteen years of age." It did not allege that the defendant was a male person or that he was over eighteen years of age. Upon defendant's plea of "guilty of assault on a female," a prison sentence of three months was imposed. This Court found no error in the judgment.

In *S. v. Jones,* 181 N.C. 546, 106 S.E. 817, where the indictment charged an assault with intent to commit rape, the jury returned a

verdict of "Guilty of an assault on a female." The judgment imposed a prison sentence of two years. The defendant excepted and moved to arrest the judgment on the ground that the bill did not allege that he was a male person over 18 years of age. Commenting on this exception, *Hoke, J.* (later C. J.) said: "The proof clearly showed that the defendant was over eighteen at the time of the alleged assault, and on the trial no question was made as to that fact." The opinion concludes: "On the record, there has been no error shown that would justify the Court in disturbing the results of the trial, and the judgment of the court below is affirmed."

In *S. v. Kiziah,* 217 N.C. 399, 8 S.E. 2d 474, the indictment was for rape. It was not alleged that defendants were male persons over the age of 18 years. The verdict was "Guilty of assault upon a female." The judgment, as to each defendant, imposed a prison sentence of 18 months. Both defendants were married men. One defendant testified that his codefendant was 25 years of age. This Court found no error, specifically holding that the instructions to the jury, which did not refer to the age of either defendant, were correct.

In *S. v. Morgan,* 225 N.C. 549, 35 S.E. 2d 621, the indictment was for an assault with intent to commit rape. The jury returned a verdict of "Guilty of an assault on a female, he being a male person over the age of 18 years," and judgment imposing a prison sentence of 18 months was pronounced. The defendant excepted to the court's refusal to give this special instruction: ". . . if you should find that there was no intent to commit rape, and no deadly weapon used and no serious bodily harm done, you may return a verdict of a simple assault." After noting that this request for special instruction was not made in apt time, *Schenck, J.,* stated that the exception to the failure to give such instruction was untenable "for the further reason that all the evidence, both of the State and of the defendant, was to the effect that the person assaulted was a female and the defendant was a male person. The burden of showing that the defendant was under 18 years of age is a defense and rested on the defendant. *S. v. Smith,* 157 N.C. 578, 72 S.E. 853. There was no evidence to this effect, and for this additional reason the court was not required to give same."

In *S. v. Jackson, supra,* in separate indictments, it was charged that defendant, a male person over 18 years of age, did assault (1) Mrs. Earl Walker, a female person, and (2) Mrs. E. L. Jackson, a female person. A *nol. pros.* was entered to the indictment charging that defendant assaulted Mrs. Jackson. To the indictment charging that defendant assaulted Mrs. Walker, the defendant tendered and the court accepted a plea of guilty of simple assault. The judgment imposed a prison sentence of two years, "suspended upon payment of $100.00

into the Office of Clerk of Superior Court for use and benefit of wife and $50.00 on the 25th of September and monthly thereafter." Upon appeal, the judgment was stricken and the cause remanded for proper judgment. Decision was not predicated on the fact that the judgment imposed a prison sentence of two years but on the ground that the defendant, having excepted to the judgment and appealed therefrom did not consent to the conditions upon which the sentence was suspended.

In *S. v. Dickey,* 228 N.C. 788, 44 S.E. 2d 207, the defendants, in separate bills of indictment, were charged with assault with intent to commit rape. As to defendant Logan, the verdict was "Guilty of an assault on a female." As to defendant Logan, the judgment imposed a prison sentence of "not less than 12 nor more than 18 months." The record contained no evidence as to the age of defendant Logan. This Court found no error in the judgment.

In *S. v. Grimes, supra,* referring to the *Stokes, Jones, Morgan* and *Jackson* cases, the opinion makes two observations: (1) that the question then considered "was not in focus, or mooted," in said cases; and (2) that "in all these cases the bills were for more serious offenses or more aggravated assaults."

In *S. v. Faison,* 246 N.C. 121, 97 S.E. 2d 447, where defendant was tried upon an indictment charging assault on a female with intent to commit rape, he, the defendant, being a male person over the age of 18 years, the jury's verdict was "Guilty of an assault on a female." A prison sentence of two years was imposed. The defendant did not testify. According to the State's evidence, he was a hotel waiter; but, except as the evidence relating to his employment and conduct implied, there was no testimony as to his age. A prison sentence of two years was imposed. In a *per curiam* opinion, this Court found no error.

In *S. v. Robbins,* 246 N.C. 332, 98 S.E. 2d 309, where defendant was tried upon an indictment charging assault with intent to commit rape, the jury's verdict was "Guilty of assault upon a female." A prison sentence of two years was imposed. In the trial, defendant testified he was 24 years of age. This Court, in opinion by Winborne, C. J., held there was no error "in the judgment from which appeal is taken."

In the *Faison* and *Robbins* cases, and in the *Stokes, Jones, Kiziah, Morgan, Jackson* and *Dickey* cases, referred to above, the defendant did not assign as error the jury's failure to make a specific finding that the defendant was a man or boy over 18 years of age. Even so, the established practice of this Court is to take notice, *ex mero motu,* of defects appearing on the face of the record proper; and the verdict and judgment are essential parts of the record proper. G.S. 7-11; *Gibson v. Insurance Co.,* 232 N.C. 712, 62 S.E. 2d 320, and cases cited.

Here, as in *S. v. Robbins, supra,* the defendant, testifying at the

trial, stated that he was over 18 years of age. There was no evidence or contention to the contrary. He does not now contend that he was not over 18 years of age at the time of the alleged assault nor does he seek a jury determination of that issue. He contends that, although the verdict should stand, the judgment imposing the prison sentence of 12-18 months is unlawful; and that the cause should be remanded for a judgment imposing a fine not exceeding $50.00 or imprisonment not exceeding 30 days; and the sole reason assigned is that the jury failed to make a specific finding on the uncontroverted collateral issue relating to his age.

Under the circumstances, we think that the collateral issue as to his age was eliminated by his own testimony. For present purposes, it is sufficient to say that the unqualified statements (quoted above) in *S. v. Grimes, supra,* are modified to this extent, namely, that when a male defendant, during the progress of his trial on an indictment charging an assault on a female or a more serious crime embracing the charge of assault on a female, testifies that he was over 18 years of age at the time of the alleged assault and there is no evidence or contention to the contrary, the collateral issue as to defendant's age need not be submitted to or answered by the jury. His testimony, under such circumstances, relating to such collateral issue, relevant solely to punishment, must be considered an admission on which the court may rely in the trial of the cause and in pronouncing judgment.

No error.

PARKER, J., dissenting: The bill of indictment did not charge that the defendant was a male person over 18 years of age. The verdict was "Guilty of an assault on a female."

This Court said in *S. v. Jones,* 227 N.C. 47, 40 S.E. 2d 458: " . . . verdicts and judgments in criminal cases ought to be clear and free from ambiguity or uncertainty. The matters involved — the enforcement of the criminal law and the liberty of the citizen — are worthy of exactitude."

"The judgment and sentence (in a criminal case) must be responsive to, and in accord with, the verdict of the jury, or the finding of the court, where the trial is by the court without a jury; and if the jury, by their verdict have determined the character of the crime, the court cannot go back of it to any fact of record to aid its sentence, since it is the verdict which gives validity and effect to the judgment so far as the character of the crime is concerned." 24 C. J. S., Criminal Law, Sec. 1579(a).

A court cannot lawfully pronounce sentence for an offense higher in degree or grade than that of which the defendant was convicted.

*S. v. Palmer,* 212 N.C. 10, 192 S.E. 896; 24 C.J.S., Criminal Law, p. 98. In the *Palmer* case the verdict as to Edgar Palmer was "guilty of simple assault." The judgment as to Edgar Palmer was: "The jury having returned a verdict of simple assault against the defendant Edgar Palmer, the court finds as a fact from the evidence in the case that said simple assault on the part of Edgar Palmer inflicted serious injury to the person of Ernest Bowers, the court finds as a fact that the injuries sustained by the defendant Ernest Bowers, at the hand of Edgar Palmer, to-wit, a broken jaw, serious cuts and lacerations and bruises on the head and face, were serious injuries within the meaning of the law: Therefore the judgment of the court is that the defendant be confined in the common jail, . . . , for a period of four (4) months." This Court found no error in the trial, but remanded the case for a proper judgment, for the reason that upon conviction of a simple assault the court. could not impose a sentence for more than 30 days, or inflict a fine for more than fifty dollars.

In *S. v. Lefler,* 202 N.C. 700, 163 S.E. 873, the defendant was indicted for an assault and battery upon Dora Shoe, a female, thereby seriously and permanently injuring her. He was convicted of a simple assault, and was sentenced to imprisonment for a term of 12 months. The Court said: "It was not necessary to aver that the 'man or boy' at the time of the assault was 'over eighteen years old'; the age of the assailant is a matter of defense. *S. v. Smith,* 157 N.C. 578; *S. v. Jones,* 181 N.C. 546. This does not imply, however, that the jury is not required to determine the defendant's age. . . . As pointed out in the same case (*S. v. Smith,* 157 N.C. 578) there is a presumption of his capacity—a presumption that he is over the age of eighteen; and in the absence of evidence *contra* the jury would be justified in reaching this conclusion. But the presumption is only evidence and even if there is no testimony in rebuttal it remains evidence for the consideration of the jury. . . . In the present case the verdict was, 'Guilty of simple assault.' This may have signified an assault without the use of a deadly weapon or without the infliction of serious injury. To justify the sentence imposed the defendant must have been over the age of eighteen years, and as to this there is no finding by the jury. If he was over eighteen years of age the punishment would not be restricted to a fine of fifty dollars or imprisonment not exceeding thirty days, although a deadly weapon was not used and serious injury was not inflicted. In the absence of a finding as to the defendant's age, we must award a new trial."

In *S. v. Grimes,* 226 N.C. 523, 39 S.E. 2d 394, the warrant charged the defendant with "assault on Mrs. J. C. Perkins, a female." Verdict: "Guilty of an assault on a female as charged in the warrant." After

verdict and before judgment, the solicitor moved to amend the warrant so as to charge an assault on a female by a man or boy over eighteen years of age. Objection by defendant; overruled; exception. Judgment: 18 months on the roads. The Court said: "Here, the verdict pronounces the defendant guilty of an assault on a female, *simplicitor*. No deadly weapon was used and no serious damage was done. Whether the permissible punishment is restricted, or in the discretion of the court, depends upon the age and sex of the defendant. These must appear in order to support a judgment as for an aggravated assault. *S. v. Smith*, 157 N.C. 578, 72 S.E. 853. . . . Generally, in charges of assault or assault and battery with varying degrees of aggravation, the jury may convict of the assault or assault and battery and acquit, in whole or in part, of the circumstances of aggravation. Citing authority. Questions of jurisdiction and limitation of punishment are dependent upon the offense charged and the plea of the defendant or the finding of the jury. Citing authority. To this general rule, however, there seems to be at least one exception. When a 'man or boy over eighteen years old' commits an assault or assault and battery on 'any female person,' even though no deadly weapon be used and no serious damage is done, the case is regarded as a general misdemeanor and the punishment is in the discretion of the court. Citing authority. Hence, to take the case out of the general rule and place it in the exception, the jury should determine in its verdict, specifically or by reference to the charge, the circumstances of aggravation which make the offense a general misdemeanor." The Court held that there was no error in allowing the solicitor to amend the warrant as it was a matter within the sound discretion of the trial court, but coming as it did after verdict, the amendment was ineffectual to supply the deficiency of the jury's verdict. So conforming to the precedent of the *Lefler* case, *supra*, the case was remanded for a *venire de novo*.

In *S. v. Terry*, 236 N.C. 222, 72 S.E. 2d 423, the warrant charged the defendant with an assault on a female. The defendant entered a plea of guilty as charged, and was remanded to jail for judgment at a later day during the term. Two days after the defendant's plea of guilty was entered, the court permitted the solicitor, over the defendant's objection, to amend the warrant so as to allege that the defendant was over eighteen years of age at the time of the assault. The court found as a fact from the testimony of the defendant's mother and from the physical appearance of the defendant "that the defendant was 23 years of age at the time of the assault." Judgment: Imprisonment for two years. This Court held that the sentence was in excess of that permitted by law for the offense originally charged in

the warrant to which warrant the defendant pleaded guilty, set it aside, and ordered a new trial upon the warrant as amended.

In *S. v. Smith,* 157 N.C. 578, 72 S.E. 853, the defendant was indicted for an assault with intent to commit rape. A sentence of imprisonment for two years was upheld on the ground that the verdict was guilty of an assault and battery upon a woman, the defendant being at the time of the assault over eighteen years of age.

In *S. v. Lewis,* 224 N.C. 774, 32 S.E. 2d 334, the warrant charged that the defendant, a male person over the age of eighteen years assaulted one Ila Mae Holmes, a female person. Verdict: "Guilty as charged in the warrant." A sentence of imprisonment for two years was sustained on the ground that the jury found by reference to the charge in the warrant the circumstances of aggravation which made the offense a general misdemeanor.

In *S. v. Morgan,* 225 N.C. 549, 35 S.E. 2d 621, the indictment charged the defendant with an assault to commit rape upon one Margaret Wilson, a female. Verdict: Guilty of an assault upon a female, the defendant being a male person over eighteen years of age. A sentence of imprisonment for eighteen months was upheld. A similar verdict was rendered in *S. v. Efird,* 186 N.C. 482, 119 S.E. 881.

In the following cases where the indictments did not charge that the defendants were male persons over eighteen years of age, and the verdict did not find that the defendants were male persons over eighteen years of age, sentences of imprisonment for assault on a female person in excess of thirty days were upheld. *S. v. Jones,* 181 N. C. 546, 106 S.E. 817; *S. v. Kiziah,* 217 N.C. 399, 8 S.E. 2d 474; *S. v. Dickey,* 228 N.C. 788, 44 S.E. 2d 207; *S. v. Robbins,* 246 N.C. 332, 98 S.E. 2d 309.

In *S. v. Faison,* 246 N.C. 121, 97 S.E. 2d 447, the indictment charged an assault on a female with intent to commit rape, he, the defendant, being a male person over eighteen years of age. Verdict: Guilty of an assault on a female. A sentence of imprisonment for two years was upheld.

In *S. v. Stokes,* 181 N.C. 539, 106 S.E. 763, the indictment did not charge that the defendant was a male person over eighteen years of age. Plea: Guilty of an assault on a female. A sentence of imprisonment for three months was sustained.

As the majority opinion correctly states, in the *Stokes, Faison, Jones, Kiziah, Dickey* and *Robbins* cases, the respective defendants did not assign as error a sentence in excess of that authorized by G.S. 14-33, for the reason that the verdict did not find that the defendant was a male person over eighteen years of age, either by specific words in the verdict, or by a verdict of guilty as charged, when the indictment charged

that the defendant was a male person over eighteen years of age.

What shall we do with these contradictory cases in our Reports? The majority opinion states that *S. v. Grimes, supra,* should be modified to this extent, that when a male defendant testifies in such cases that he is over eighteen years of age at the time of the assault, and there is no evidence to the contrary, the issue as to defendant's age need not be submitted to or answered by the jury, for the reason that it is an admission by the defendant upon which the court can rely. With such a holding, I do not agree.

If a person is tried on a warrant charging him with operating an automobile while intoxicated, it being a second offense, and the verdict is simply guilty of drunken driving, can a sentence in excess of the punishment for a first offense be upheld, if the defendant in his trial testified that he had been convicted before of a similar offense? In *S. v. Cole,* 241 N.C. 576, 86 S.E. 2d 203, the warrant charged the defendant with operating a motor vehicle on a public highway while under the influence of intoxicating liquor, this being a second offense. J. H. Hatcher, a State Patrolman, testified without objection: "This is the second offense of driving under the influence of liquor. He (the defendant) plead guilty on the first offense, approximately two years ago." The defendant did not testify, and offered no evidence. It seems that the evidence that it was defendant's second offense of drunken driving was not denied. Verdict: "Guilty." The Court said: "The judgment entered is stricken and the cause remanded for proper judgment. In remanding the cause for the stated purpose, we observe that, while there is allegation and evidence that defendant had been adjudged guilty of violating G.S. 20-138 on a prior occasion, this feature was in no way submitted to or passed on by the jury. Hence, the verdict cannot be regarded as a conviction of a second offense within the meaning of G.S. 20-179. It is well established that 'where a statute prescribes a higher penalty in case of repeated convictions for similar offenses, an indictment for a subsequent offense must allege facts showing that the offense charged is a second or subsequent crime within the contemplation of the statute in order to subject the accused to the higher penalty.' *S. v. Miller,* 237 N.C. 427, 75 S.E. 2d 242, and cases cited. 'Whether there was a former conviction or not was for the jury, not for the court.' *Clark, J.* (later C.J.), in *S. v. Davidson,* 124 N.C. 839, 32 S.E. 957; G.S. 15-147."

Article I, section 13, of the North Carolina Constitution, guarantees to every person charged with crime the right to a trial by jury, and, upon a plea of Not Guilty, provides that the defendant shall not be convicted of any crime but by the unanimous verdict of a jury in open court. It is the verdict of the jury which gives validity and effect to

the judgment as to the character of the crime which the defendant has committed. The jury by its verdict in the instant case, to-wit, "guilty of an assault on a female" has determined the character and degree of the offense and the maximum punishment. A sentence of imprisonment based on this verdict cannot exceed thirty days. G.S. 14-33. The sentence here is imprisonment for eighteen months: a sentence not authorized by the jury's verdict. In my opinion, the Court is not empowered by law to go back of the verdict into the record to uphold a sentence of imprisonment of the defendant of eighteen months, which imprisonment is for an offense higher in degree or grade than that of which the jury convicted him. Where will such a holding lead us? Doesn't it impair, if not destroy, a person's constitutional right to a trial by jury?

A sentence of imprisonment for a simple assault on a female in excess of the maximum limit fixed by G.S. 14-33 does not vacate the verdict, but requires that the case be remanded to the lower court for a proper judgment, as authorized by the statute. S. v. Robinson, 245 N.C. 10, 95 S.E. 2d 126; S. v. Austin, 241 N.C. 548, 85 S.E. 2d 924; S. v. Marsh, 234 N.C. 101, 66 S.E. 2d 684; S. v. Malpass, 226 N.C. 403, 38 S.E. 2d 156; S. v. Graham, 224 N.C. 347, 30 S.E. 2d 151.

I think that this case should be remanded to the lower court for a proper sentence upon the verdict. In my opinion, this is a sounder legal position than awarding a new trial.

In my judgment, the cases set forth above sustaining sentences of imprisonment for more than thirty days for assault on a female, when the verdicts did not find by specific words in the verdicts, or by reference to an averment in the indictments, that the defendants were over eighteen years of age at the time of the assault, are wrong in upholding the sentences, and on that specific point should be overruled.

In the Stokes case, supra, and in the Faison case, supra, the pleas were guilty of an assault on a female. I think the Court was in error in sustaining the sentence of imprisonment of three months in the Stokes case, and the sentence of two years imprisonment in the Faison case, on the ground that the sentences were not supported by the pleas.

I take my stand squarely and firmly on the constitutional ground that no person ought to be in any manner deprived of his liberty, but by the law of the land, North Carolina Constitution, Article I, section 17, and that the law of the land requires that a judgment and sentence of imprisonment must be responsive to, and in accord with, the verdict of the jury.

I am authorized to say that Justice Higgins concurs in this dissenting opinion.