STATE OF NORTH CAROLINA v. WOODY POINDEXTER

No. 7413SC304

(Filed 5 June 1974)

**Narcotics § 4.5— sale of marijuana — date of sale — alibi — instructions**

> In a prosecution for distribution of marijuana wherein the indictment charged defendant with selling marijuana to a specified person on 17 January 1973 and the State's evidence tended to show that the sale occurred on a Sunday (apparently 14 January 1973) and that 17 January 1973 was a Wednesday, the trial court erred in instructing the jury that it should return a guilty verdict if it found that defendant sold marijuana on 17 January 1973 since such instruction (1) permitted the jury to disregard the State's evidence that the offense occurred on Sunday and convict defendant for a transaction on Wednesday, January 17, about which there was no evidence, and (2) deprived defendant of the right of his alibi.

APPEAL by defendant from *Brewer, Judge,* 3 December 1973 Session of Superior Court held in BRUNSWICK County.

Heard in Court of Appeals 8 May 1973.

Defendant was tried for distribution of marijuana on a bill of indictment which read in part as follows:

> "THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Woody Poindexter late of the County of Brunswick on the 17th day of January, 1973 . . . did unlawfully, wilfully and feloniously distribute a controlled substance to John Cooper at The Circle, Yaupon Beach, N. C. The said substance consisted of marihuana . . . . At the time of the offense the defendant was over 21 years of age, and John Cooper was under 18 years of age and at least 36 months younger than the defendant . . . . "

17 January 1973 was a Wednesday, 14 January 1973 was a Sunday, and 15 January 1973 was a Monday.

John Cooper was the first witness for the State at the trial. He testified that he purchased some marijuana from defendant for $20.00. He put it in a box and hid the box in the woods. Subsequently he was arrested and convicted of possession of marijuana with intent to distribute. During the course of his testimony, Cooper stated:

"I know Woody Poindexter. . . . I knew him on the 17th day of January. I saw him on that day at Yaupon Beach in the afternoon. I am not sure of the date. . . .

\*    \*    \*

"This transaction took place around 2:30. . . . I am not sure of the date, but I believe it was a Sunday. . . .

"I hid the box in the woods the day after I bought the marijuana, which was on a Monday. A couple of days elapsed between the time I put the box in the woods and the time I was arrested."

Cooper testified that he was seventeen years old when he bought the marijuana from defendant.

L. D. Jones, the assistant police chief of the town of Yaupon Beach, testified that on 17 January 1973 he found a box of marijuana hidden in the woods. The box had John Cooper's name on it, and Jones arrested Cooper the same day.

Defendant took the stand and denied that he had sold any marijuana to John Cooper. He testified:

"On the date in question, I was at home. It was a Sunday. On that day the Super Bowl was on and I was at my brother-in-law's house all day. . . . I did not leave the house at any time that day."

Three additional witnesses corroborated the testimony of defendant concerning his alibi.

The jury found defendant guilty, and the court at first sentenced him to two years in prison. Later in the day, the court increased the sentence to ten years, explaining the change as follows:

"Madam Clerk, in the case of Mr. Poindexter whom I've just sentenced, in checking the Statute the Statute

sets out that the minimum term of imprisonment which can be imposed on this Defendant is Ten (10) years . . . . Therefore, the Court determines and adjudges that the Defendant be imprisoned for a term of ten (10) years in the State Prison and that the Appearance Bond be set at $10,000.00."

Defendant appealed to this Court.

*Attorney General Morgan, by Assistant Attorney General James B. Richmond, for the State.*

*Prevatte and Prevatte, by James R. Prevatte, Jr., and Richard S. Owens III, for defendant appellant.*

BALEY, Judge.

Defendant contends that the court erred in its instructions to the jury with respect to the date of the commission of the offense and deprived him of the effect of his alibi evidence. This contention is well founded and entitles him to a new trial.

In this case the indictment charged defendant with selling marijuana to John Cooper on 17 January 1973. The evidence of the State tended to show that the sale occurred on Sunday afternoon (apparently 14 January 1973) and that 17 January 1973 was a Wednesday, the date the marijuana was found by the deputy. Ordinarily, a variance such as this concerning the date in the indictment and the proof of the crime is not material. "The time alleged in an indictment is not usually an essential ingredient of the offense charged, and the State ordinarily may prove that it was committed on some other date." *State v. Wilson,* 264 N.C. 373, 377, 141 S.E. 2d 801, 804; *accord, State v. Davis,* 282 N.C. 107, 191 S.E. 2d 664; *State v. Trippe,* 222 N.C. 600, 24 S.E. 2d 340. In this case, both the evidence for the State and the alibi evidence of the defendant related to the Sunday afternoon when the Super Bowl football game was played, not to Wednesday, January 17.

The court, however, instructed the jury:

"So, Members of the Jury, I charge you, if you find from the evidence beyond a reasonable doubt that on the 17th day of January, 1973, Woody Poindexter transferred or sold or handed to or gave to or sold to John Cooper marijuana, it would be your duty to return a verdict of guilty as charged."

This instruction permitted the jury to disregard the State's evidence that the offense occurred on Sunday, which was the only evidence of when any offense occurred, and convict defendant for a transaction on Wednesday, January 17, about which there was no evidence. It deprived defendant of the benefit of his alibi because it allowed the jurors to convict even if they believed the alibi witnesses. *See State v. Whittemore,* 255 N.C. 583, 122 S.E. 2d 396.

Since this case is to be returned for a new trial, it might not be amiss to point out that the offense charged in the bill of indictment is distribution of a controlled substance by a person over twenty-one to a person under twenty-one. While the age of the defendant is a collateral matter, wholly independent of his guilt or innocence, it is relevant on the subject of punishment; and, unless admitted by defendant, it must be submitted for the determination of the jury. *State v. Higgins,* 266 N.C. 589, 146 S.E. 2d 681; *State v. Courtney,* 248 N.C. 447, 103 S.E. 2d 861; *State v. Lefler,* 202 N.C. 700, 163 S.E. 873.

New trial.

Chief Judge BROCK and Judge PARKER concur.